# Tallassee Falls Mfg. Co. *v.* Moore.

*Action for Damages for Injury to Employe.*

(Decided Nov. 19, 1908. Rehearing denied Jan. 14, 1909.
48 South. 593.)

1. *Master and Servant; Injury to Servant; Employer's Liability
Act; Complaint.*—Counts 1, 2, 3, 4, and 6, as amended, state a cause
of action under subd. 1, of the Employer's Liability Act, for negli-
gence in the use of a defective rope, and are not subject to the de-
murrers interposed; count 5 states a cause of action under the com-
mon law, while count 9 is not subject to the demurrers interposed
to it.

2. *Same; Pleas; Sufficiency.*—A plea alleging that the plaintiff
placed himself in a position on the car where, if a rock should fall,
by the breaking of a rope which held the same, or from other causes,
he would likely be injured, and that while the rock was being lowered
into the car it did fall, because of the breaking of the rope, and did
strike the employe, imposed upon the employe the duty of anticipat-
ing the negligence of the employer or of its servants, and was faulty.

3. *Same.*—An averment in a plea that an employe placed himself
in a position on a car where he would likely be injured if a rock
should fall by the breaking of the rope that held it, or from other
causes, is not an allegation that the employe had knowledge that the
position he assumed on the car was dangerous.

4. *Same; Contributory Negligence; Selection of Dangerous Meth-
ods.*—The test is whether an employe has selected a dangerous way
when there is a safe way, knowing the way selected to be danger-
ous, or that the danger is apparent or obvious, and the fact that an
employe is injured because of the way he selected to perform a duty,
when if he had selected another way, the injury would not have oc-
curred, does not of itself alone fix upon him contributory negligence.

5. *Same.*—A plea which fails to aver in what the alleged warning
consisted, whether of danger or otherwise, and, if of danger, what
danger, is defective; so a plea containing no averment that the sup-
erintendent had the authority to give the orders alleged to have been
violated by an employe, set up by way of contributory negligence is
defective.

6. *Pleading; Conclusion.*—A plea alleging that while a rock which
fell and injured an employe was being lowered into the car, it was
obviously dangerous to get on the car and occupy a position where,
if the rock should fall by the breaking of the rope, or other cause,
the party occupying such position would likely be hurt, and that
while said rock was being lowered, such employe did assume such
position on the car, and thereby assumed the risk of injury, states a
conclusion only, and contains no averment of fact.

[Tallassee Falls Mfg. Co. v. Moore.]

7. *Appeal and Error; Harmless Error; Ruling on Pleading.*—Where substantially the same defense was set up in another plea, on which issue was joined, it was harmless error to sustain demurrers to a similar plea; so also, it was harmless error to sustain demurrers to a plea where every fact averred therein could be properly shown under the general issue which was pleaded.

APPEAL from Tallapoosa Circuit Court.

Heard before Hon. S. L. BREWER.

Personal injury action by George W. Moore against the Tallassee Falls Manufacturing Company. Judgment for plaintiff, and defendant appeals. Affirmed.

The complaint as amended was as follows:

Count 1: "Plaintiff claims of defendant $10,000 damages, for this: That on or about the 6th day of February, 1903, the defendant was conducting and operating a rock quarry, from which it was taking large stone for building and other purposes, which said stones were hoisted or raised by means of ropes, pulleys, and other appliances, and placed on a car, and removed or conveyed to other points; that plaintiff was employed by defendant to work at said quarry, and to assist in and about the handling or moving of said stones therefrom, and therefore it was the duty of said defendant to have in its said quarry and in its said plant for handling and removing said stones good and safe machinery and appliances, and to have said machinery run and operated with care; that on the date above mentioned, while plaintiff was on defendant's car, engaged in the proper discharge of his duties for the defendant while aiding and assisting in placing on said car a large stone, which was being lowered onto said sar preparatory to being removed to another point or place, said stone fell, and plaintiff's foot was caught under said stone, and between said stone and the bottom or floor of said car, and was thereby so crushed and damaged that it was necessary to amputate a part of his said foot. Plaintiff avers that

said injury to him was suffered because of the wrong or negligence of defendant in having and using in the operation of said quarry, and removing said stone, machines or appliances which were defective, out of order and unsafe and unfit to be used in said business, in this: That a rope, which was a part of the ways, works, machinery, or plant used in the operation of said quarry, was old, worn and not sufficiently strong to support the weight placed upon it in handling, removing, and conveying said stone, and said defect caused said rope to break, and permitted said stone to fall as above averred, and that said defects arose from, or had not been discovered or remedied owing to, the negligence of the defendant, or of some person in the service of the defendant and intrusted by it with the duty of seeing that the ways, works, machinery, or plant were in proper condition, and which, but for the want of proper care and dilligence, would have been known to the defendant."

Count 2: Same as count 1, with the exception that it is alleged that rocks were being removed by means of a derrick, to which were attached ropes, pulleys, and other appliances, and that while lowering said rock onto the car the rope broke and permitted it to fall on plaintiff's foot, etc.

Count 3: Same as 1 and 2, with the additional allegation that the rock was being raised by means of dogs or iron hooks, in which it was clasped, and by which said rocks were held and supported, and that the dogs or hooks were fastened to a rope attached to a pulley or pulleys suspended from a derrick, and that while lowering a stone into the car the rope broke, causing the rock to fall on defendant's foot, etc.

Count 4: Substantial duplicate of count 1, except the word "rock," instead of "stone," is used.

Count 5: Same as count 1, down to and including the words "run and operated with care," with the following additional averments: "That on the date above mentioned, while plaintiff was on defendant's car, in the proper discharge of his duties for the defendant, a large rock, which was held or procured by means of dogs or iron hooks, in which it was clasped, which said dogs or hooks were fastened to a rope attached to a pulley or pulleys suspended from a derrick, was being lowered onto a car upon which plaintiff was working for defendant, when the rope by which said rock was suspended broke, permitting said rock to fall, and plaintiff's foot was caught under said rock, and was so crushed and mangled that it was necessary to amputate his said foot. For a large part of the time he avers that said rope was old, much worn by long use, its strength greatly impaired, that it was defective, and wholly insufficient for the purpose for which it was being used, or for the work required of said rope; and plaintiff avers that his said injury was suffered because of the wrong or negligence of the defendant in having and using in the working and operation of said quarry, and in the removing of said rocks or stones, the said rope which was defective, insecure, and out of order, and unsafe and unfit to be used in said business, and which, but for the want of proper care and diligence, would have been known to the defendant, and all of which was unknown to plaintiff."

Count 6: Same as count 1, down to and including the words "same had to be amputated," and continuing: "And plaintiff avers that said rope was old and worn by use, and in one part of it had become much weakened, and was wholly insufficient for the work for which it was being used, because it was not of sufficient strength to support the weight that it was required to sustain." Then follows the concluding allegation of count 1.

Count 9: Same as count 1, down to and including the words, "run and operated with care," with the following addition: "That on the day above mentioned, while plaintiff was at work on defendant's car, in the proper discharge of his duties to defendant, and while aiding and assisting.in the placing upon said car a stone which was being lowered into said car preparatory to being removed to another point or place, the rope, which was a necessary part of the works, ways, machinery, or appliances by which said stone was sustained, broke, and said stone fell with great force and power. and plaintiff's foot was caught under said stone, and between said stone and the bottom or floor of said car, and was thereby so crushed, mashed, and mangled that it was necessary to amputate a part of plaintiff's said foot, and a part of plaintiff' said foot was amputated, to his permanent injury and great damage and suffering, both in body and mind. Plaintiff avers that said injury to him was caused by reason of the wrong or negligence of one Abraham Smith, who was in the service or employment of defendant, and who had superintendense of the plaintiff and of said ways, works, machinery, and appliances, and said rope intrusted to him, and who was at the said time in the exercise of such superintendence, in this: That said rope by which said stone was supended was worn, decayed, and weak, and was not strong enough to hold said stone; wherefore it broke, and that said Smith negligently allowed the said rope to be used in hoisting the said rock when it was worn, weak, and decayed as aforesaid, and said Smith had knowledge of the worn, weak, and decayed condition of said rope herein alleged, or could have had knowledge of same with the exercise of proper care and prudence."

Demurrers were interposed to counts 1, 2, 3, 4, 5, and 6 as amended, as follows:

To each of the counts separately: "(1) For that it does not state·facts sufficient to constitute a cause of action against defendant. (2) Negligence is alleged merely as a conclusion of the pleader. (3) The particular negligence that is complained of is nowhere alleged or set out. (4) It nowhere appears that the wrong or negligence of defendant contributed to the injury. (5) It does not appear what particular appliances were defective, insecure, out of order, and unsafe and unfit to be used, or what was the particular negligence of defendant. (6) The allegations are so vague, indefinite, and uncertain that it is impossible to ascertain under what section of the employer's liability act the count is framed, if any. (7) It does not appear whether it was the machine or whether it was the appliances which were defective, out of order, etc. (8) There is no such description of the machines or appliances which are alleged to be defective, etc., as to inform defendant of the particular machines or appliances referred to. (9) Said counts imposed a too high duty upon defendant in alleging that it was his duty to have in said quarry good and safe machinery and appliances. (10) It does not appear that defendant failed to use reasonable care to procure safe and suitable machinery and appliances for use in said work, or that it failed to use reasonable care to maintain the same in a safe and suitable condition. (11) It is not made plain whether defendant violated its duty in respect to the original selection or furnishing said machinery or appliances, or that it failed in its duty in respect to maintaining the same. (12) It does not appear that said condition of said machinery was not discovered or remedied because of the negligence of defendant or some person in the employ of defendant, and charged by it with the duty of seeing that its ways, works, etc., were in proper condition. (13) It does not

appear that defendant knew of said alleged condition of said machinery and appliances in time to have remedied the same before plaintiff's injury, or that by the use of reasonable care it could have known of the same in time to have remedied said alleged condition before plaintiff was injured. (14) No causal connection is alleged or shown between said alleged defective, unsafe, and unsuitable condition of said machinery or appliances and the injury to plaintiff. (15) It does not appear whether the proximate cause of plaintiff's said injuries was the alleged condition of the machinery and appliances, or whether it was the breaking of the rope."

The following additional grounds of demurrer were interposed to the second count: "(a) It does not appear that said rope was defective. (b) No connection is averred between the alleged defective condition of machinery and appliances and the breaking of the rope."

To the fifth: "(d) It does not appear whether this defendant was guilty of any negligence in originally procuring or furnishing said rope for said work, or whether it was subsequently guilty of any negligence in not discovering or remedying said alleged defect. (e) It does not appear that defendant had opportunity to remedy said alleged defects between the time when they could with proper care and dilligence have become known to defendant, and the time plaintiff was injured."

Also to the sixth: "(f) It appears that the overloading of said rope was the act of a fellow servant of the plaintiff, and that defendant was not therefore liable therefor. (g) It does not appear that plaintiff's injury was caused by the negligence of any person in the employment of defendant who had any superintendence intrusted to him, while in the exercise of such superintendence. (h) The name of the employe' who is alleged to have had charge of said work is not set forth."

The following additional grounds were interposed to counts 1, 2, 3, 4, 5, and 6: "(1) It does not appear that plaintiff was employed to be on said car at the time and place when he was injured. (2) Said rope was no part of defendant's ways, works, or machinery."

Demurrers to the ninth count were interposed on the same grounds heretofore mentioned to counts, 1, 2, 3, 4, 5, and 6, and the following additional ground: "(1) The Christian name or initial of the person alleged to have had superintendence intrusted to him is not alleged. (2) The count fails to show that plaintiff was injured by reason of negligence of any person in the service or employment of defendant who had any superintendence intrusted to him, whilst in the exercise of such superintendence. (3) Said count fails to show the plaintiff was injured as the result of any act of superintendence on the part of any one intrusted by the defendant with such superintendence. (4) Said count shows that plaintiff was injured by reason of the defective or unsuitable character of the rope, and not by reason of any act of superintendence on the part of said plaintiff. (5) Said rope constitutes no part of the ways, works, machinery, or plant of defendant under section 1749, Code Ala. 1896."

These demurrers being overruled, the defendant filed the following pleas:

(1) The general issue.

(2) "That at the time of receiving his said injuries plaintiff was guilty of negligence that contributed proximately to his said injuries in this: That plaintiff negligently placed himself in a position on said car where, if said rock should fall by the jerking of the rope that held the same, or from other cause, plaintiff would likely be injured by said rock falling upon him; and defendant avers that while said rock was being lowered into said car, and while plaintiff was in said dangerous position,

said rock did fall from the breaking of the rope which held it, or from some cause, and did strike plaintiff."

(3) "Plaintiff was guilty of negligence that contributed proximately to his said injuries in this. That while said stone was being lowered onto said car plaintiff negligently got on said car, when and where he was injured by the falling of said stone, and plaintiff's said negligence consisted in this: That plaintiff, instead of taking a position on said car where, if said rock fell, it would not have fallen upon him, as he could have done, took a position where said rock, if it should fall, would likely strike him."

(4) "That plaintiff's duty in and about the work in which he was engaged was to see that the rock, when lowered, was placed in its proper position on said car, and, when said rock had been so placed, to unloose the dogs that held it while it was being lowered. Defendant avers that said duty could have been faithfully and properly performed if plaintiff had stood on the ground next to said car, and near the point where said rock would descend. But defendant avers that, although plaintiff might have adopted said safe manner of doing his work, he in fact negligently got upon said car while said rock was being lowered, and stood at a place thereon where there was danger of being injured if said rock should fall as a result of the breaking of a rope or otherwise. And defendant avers that plaintiff was guilty of contributory negligence in assuming said dangerous position on said car when he could by standing on the ground have safely performed said duties without said danger, and that his said negligent conduct contributed to his said injury."

(5) Same allegation as 4 relative to the duties of plaintiff, with the allegation that "the proper performance of said duty did not require that plaintiff should

[Tallassee Falls Mfg. Co. v. Moore.]

be near the place where said rock was being lowered until said rock had been lowered so near the car that it could be put in place and said dogs unloosed without danger of being injured; but defendant avers that while said rock was being lowered, and before it had reached a point of proximity to said car where plaintiff's duty would attach as aforesaid, plaintiff assumed a position on said car where, if said rock should fall, by the breaking of the rope or otherwise, he would likely be injured; and defendant avers that said rock did so fall while plaintiff occupied said position, and he was injured thereby, wherefore said plaintiff's negligence contributed proximately to his injury."

(6) "That while said rock was being lowered by said rope into its position on said car it was obviously and manifestly dangerous to get on said car and occupy a position thereon where, if said rock should fall, by the breaking of said rope or other cause, the person so occupying said position would likely be injured thereby, and that the danger of being so injured was patent and obvious; and defendant avers that while said rock was being so lowered plaintiff did assume said position on said car and thereby assumed the risk of the injuries he sustained."

(8) "Defendant says that plaintiff was warned by an employee of this defendant who had charge of the work in which plaintiff was engaged not to be on or near said car while the stone was being lowered onto said car; and defendant avers that plaintiff, disregarding said warning, got on said car while a large stone was being lowered onto the same by means of a derrick with a boom and rope attached, and that while plaintiff was on said car in disregard of said warning he received his said injuries by the falling of said stone, wherefore plaintiff assumed the risk of injuries received."

(14) Same as 5, with the additional averment that "while plaintiff was at said place the rope broke by reason of a defect that was concealed from observation, and that said rock then and there fell while plaintiff was occupying said position, and he was injured, and that his negligence in being at said place proximately contributed to his injuries."

(20) This plea alleges the duty and position of defendant as is alleged in plea 5, and that he voluntarily assumed the position, and that the danger of the rock falling was patent and obvious. Wherefore plaintiff assumed the risk.

J. M. CHILTON, and GEORGE A. SORRELL, for appellant. Count 1 is open to several grounds of demurrer interposed, especially C, D, and E.—*Wilson's Case*, 85 Ala. 269; *Eureka Co. v. Bass*, 81 Ala. 200; *Crawls' Case*, 83 Ala. 578; *R. R. Co. v. Allen*, 78 Ala. 494. While it is alleged that the rope broke there is no allegation that the injury resulted from any negligence of defendant in connection with it in an unbroken line of sequence.— *L. & N. R. R. Co. v. Shelton*, 112 Ala. 533; *Decatur C. W. & M. F. C. Co. v. Mehaffe*, 128 Ala. 255. What is said in respect to count 1 applies equally to counts 2 and 3. Under the allegations of counts 4 and 5, the rope may have gotten out of order so shortly before the accident that the defendant had no opportunity to remedy the defect.—*Holoman's Case*, 84 Ala. 133; *Wilson's Case*, 85 Ala. 273; *Georgia's Case*, 94 Ala. 199; *Woodson's Case*, 98 Ala. 373; *Bailor's Case*, 101 Ala. 48; *L. & N. v. Bouldin*, 110 Ala. 185; *Clements' Case*, 127 Ala. 169. Count 6 does not differ from 1. Counsel discuss demurrers to counts 7 and 8, but without citation of authority. They insist that demurrers to count 9 should have been sustained on the authority of.—*Freeman v. S. S. S. & I.*

[Tallassee Falls Mfg. Co. v. Moore.]

*Co.,* 137 Ala. 481. Demurrers to plea 2 were improperly sustained.—*Smoot v. M. & M. Ry. Co.,* 67 Ala. 13; *Warding's Case,* 94 Ala. 277; *Roach's Case,* 110 Ala. 67. On these same authorities plea 3 was good against demurrer. Plea 4 shows that there was a safe way and very hazardous way of perfroming the duty and that the plaintiff undertook the latter way and there was no necessity for it.—Authorities supra; *Arnold's Case,* 114 Ala. 183; *Underwood's Case,* 90 Ala. 64. On these same authorities, and on the authority of *Orr's Case,* 91 Ala. 548, plea 5 was good. The court improperly sustained demurrers to the 7th and 8th pleas.—*Pabst Case,* 83 Ala. 518; *Hissong's Case,* 91 Ala. 514; *Burton's Case,* 94 Ala. 254; *L. & N. v. Wood,* 105 Ala. 565; *Davis v. R. R. Co.,* 107 Ala. 626; *Worthington v. Goforth,* 124 Ala. 556. Counsel discuss other pleas but without citation of authority.

James W. Strother, and Thomas L. Bulger, for appellee. No brief came to the Reporter.

TYSON, C. J.—The complaint, as originally framed, contained seven counts. To each of these counts, except the fifth, a demurrer was sustained. All of these counts, except the fifth and seventh, were amended so as to state a cause of action under subdivision 1 of the employer's liability act (section 1749 of the Code of 1896). As amended they were not subject to the demurrers interposed.

The seventh count must be treated as having been eliminated from the complaint. To it the demurrer was sustained, and it does not appear that it was subsequently amended to meet the ruling. The fifth, to which the demurrer was overruled, states a cause of action at common law, and not under the statute, as seems to be sup-

posed by counsel for appellant, and was clearly not subject to the demurrer.—*Laughran v. Brewer,* 113 Ala. 509, 21 South. 415; *Tutwiler Coal, Coke & Iron Co. v. Farrington,* 144 Ala. 157, 39 South. 898.

The ninth count, which was added by way of amendment, was not subject to any of the grounds of demurrer interposed to it.   Indeed, those grounds which seem to be insisted on are in contradiction of the averments of the count.   Whether the count was entirely unassailable we do not determine.   All that we hold on this point is that, if defective, the defect was not pointed out by the demurrer. —See *Williamson Iron Co. v. McQueen,* 144 Ala. 274, 40 South. 306; Reno's Employer's Liability Act, § 57.

A number of special pleas were filed.   Many of these were held insufficient.   Plea 2 was faulty in imposing upon the plaintiff the anticipation of negligence on the part of defendant or its servants.   Furthermore, it fails to aver that plaintiff had knowledge that the position assumed by him on the car was a dangerous one.   The averment that he "negligently placed himself in a position on said car where, if said rock should fall by the breaking of the rope that held the same, or from other causes, the plaintiff would likely be injured by said rock falling upon him," is wholly insufficient; no fact being alleged imputing knowledge of the danger to the plaintiff.   Upon the consideration last adverted to, pleas 3, 4, and 5 were bad.   "The fact that the party was injured because of the way selected, when if he had selected the other way the injury would have been avoided, alone, does not fix upon his contributory negligence. The result is not the true test.   If a party selects a dangerous way to perform a duty when there is a safe way, knowing the way selected to be dangerous, or if the danger 'is apparent' or 'obvious,' then he assumes the risk

and is guilty of contributory negligence."—*T. C. I. & R. R. Co. v. Herndon,* 100 Ala. 451, 14 South. 287. Plea 6 contains no averments of fact relied upon as defense, but states conclusions merely. Plea 7 contains no averment that the superintendent had authority to give the orders alleged to have been violated by plaintiff. Furthermore, substantially the same defense attempted to be set up by it was set up in plea 15, upon which issue was joined; so that in any event the sustaining of the demurrer, if erroneous, was without prejudice. Plea 8 fails to aver in what the alleged warning consisted, whether of danger or otherwise, and, if of danger, what danger.—Dresser's Emp. Liability, p. 467; 29 Cyc. 525.

The defense attempted to be set up in pleas 14 and 20 was nothing more not less than a traverse of the issues tendered by the complaint. Every fact averred in these pleas could properly have been shown under the plea of not guilty, which was interposed and upon which issue was joined. The sustaining of the demurrers to each of them, if erroneous, was clearly without injury.

Affirmed.

DOWDELL, ANDERSON, and MCCLELLAN, JJ., concur.

*Action for Damages for Injury to Employe.*

