(90 South. 787)

**CORNETT v. BROOKS. (6 Div. 496.)**

(Supreme Court of Alabama. Oct. 27, 1921.)

1. **Detinue �köm 17—Complaint need not allege fraud by which title was obtained.**

A complaint in detinue, substantially in the Code form, is sufficient to authorize recovery on an automobile delivered by plaintiff to defendant, because of defendant's fraud in procuring the trade, although the complaint did not allege fraud.

2. **Exchange of property ⊚ 13(1)—Rescission of trade for fraud, and recovery of chattel may be had.**

One who has been induced by fraud to trade his personal property may, if he acts with reasonable promptness after discovering the fraud, rescind the contract in toto and recover his property by an action in detinue.

3. **Appeal and error ⊚ 1064(1)—Incomplete, but not incorrect, charge does not require reversal.**

Though a charge that, if plaintiff "for a sufficient reason" had tendered return of the property received by him in a trade with a view to rescission, and defendant refused to accept the return, plaintiff could abandon the property, contributed little to the jury's understanding of the case, because it did not explain what would be a sufficient reason, it contained no erroneous statement of law, and reversible error could not be affirmed of the court's action in giving it.

4. **Detinue ⊚ 18—Plaintiff need prove right to rescind only to reasonable satisfaction of jury.**

In detinue, plaintiff is required to prove his title only to the reasonable satisfaction of the jury, though such title rests on his rescission of a trade because of defendant's fraud.

5. **Trial ⊚ 253(5)—Charge held properly refused as ignoring issue.**

In detinue to recover an automobile, where plaintiff, in addition to claiming the contract for exchange was procured by defendant's fraud, claimed that the contract had never been consummated, a requested charge that, if plaintiff sent the car received by him to be repaired, that would be an act of ownership which barred recovery on the ground of fraud, and the jury must find for defendant, was properly refused, as ignoring the issue that contract had not been consummated.

6. **Exchange of property ⊚ 13(4)—Charge authorizing determination of person to whom property belonged held unobjectionable.**

In detinue to recover property traded by plaintiff to defendant, on the ground of rescission for defendant's fraud, a charge authorizing the jury to determine to whom the property belonged *held* not objectionable, when considered in connection with the evidence and the other parts of the charge, as misleading the jury to apprehend they were to determine the right of property prior to the transaction in question.

7. **Trial ⊚ 29(1)—Remark to attorneys in jury's presence held not error.**

A remark by the trial court to the lawyers in the case, but not to the jury, though in their presence, that the court could not cancel a contract on mere preponderance of the evidence, but the jury could, was not reversible error.

8. **Witnesses ⊚ 268(3)—Self-serving declarations may be elicited on cross-examination as part of conversation.**

Where a witness for defendant had testified to statements made by plaintiff which formed part of the conversation, plaintiff was entitled on cross-examination to elicit the rest of the conversation, so that the jury might know the true meaning and import of the whole, though the declarations of plaintiff so elicited were self-serving.

9. **Trial ⊚ 82—Objection to question held too general to show error.**

In an action to recover an automobile traded to defendant in exchange for a car, which plaintiff's evidence showed was practically worthless, a general objection to a question asked by plaintiff of the repair man concerning the work he did on the car is not sufficient to point out the objection that the question characterized the car as a piece of junk.

Appeal from Circuit Court, Jefferson County; John C. Pugh, Judge.

Detinue by Nicholas Brooks against N. F. Cornett for a Ford automobile. Judgment for plaintiff, and defendant appeals. Trans-

ferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

The following is charge 2, given at the instance of the plaintiff:

"If Brooks for a sufficient reason made a tender of the Chevrolet car to Cornett with a view of a rescission of any contract of exchange made, and Cornett refused to receive it, Brooks had a right to abandon said car, if he saw fit."

The court refused the following charges requested by the defendant:

"(2) I charge you, gentlemen, that the right to the rescission or cancellation of the contract because of fraudulent misrepresentation must be established by clear and convincing proof. A court cannot cancel a contract on a mere preponderance of the evidence.

"(4) If you believe from the evidence that plaintiff, after discovering the fraud complained of, carried or sent the car to a shop to be repaired, this would be an act of ownership that will bar a recovery on the grounds of fraud, and you must find for the defendant."

Assignment of error No. 18 is as follows:

"The court erred in overruling defendant's objection to the following part of the oral charge: 'But you may determine to whom the property belongs, and, in lieu of the property, its value. This would be involved, or may be involved.'"

Assignment 17:

"The court erred in making the following statement in the hearing and presence of the jury: 'The court cannot cancel the contract on a mere preponderance of the evidence, but the jury can.'"

On cross-examination of the witness Harmon, plaintiff was permitted to ask him the following questions, over the objection of the defendant:

"Mr. Brooks told you then that the car would not run, didn't he?"

"Didn't he tell you in that conversation that Mr. Cornett had sold him an old car, with the statement that it would run?"

"And he told you that he had been hunting him to take it back again?"

The following is the question propounded to the witness Smith, over the defendant's objection:

"When a car is brought down there, and you look it over and see that it is a pretty dilapidated piece of a car, that ought to go down to Greenburg, and it is brought in to fix something at the rear end, you examine that car, and look all over it, all over the motor, and try to fix a piece of junk like that?"

D. C. Burkhart, of Birmingham, for appellant.

There is no allegation of fraud in the complaint, and hence no evidence of fraud was admissible. 58 Ala. 627; 103 Ala. 215, 13 South. 771; (Tenn. Ch.) 51 S. W. 492; 20 Cyc. 104. By treating the property as his own after discovery of the fraud, he cannot rescind, and the only remedy is on an implied warranty. 169 Ala. 50, 53 South. 796; 150 Ala. 227, 43 South. 568; 123 Ala. 439; 26 South. 290; 115 Ala. 366, 22 South. 422; 90 Ala. 150, 7 South. 467; 6 R. C. L. 316. A court cannot rescind a contract on mere preponderance of evidence. 52 Ala. 282; 95 Ala. 389, 11 South. 15.

Black & Harris, of Birmingham, for appellee.

There was no necessity for any allegation for fraud. 65 Ala. 538; 76 Ala. 428; 82 Ala. 302, 2 South. 911. The facts present a case for a rescission in toto. 202 Ala. 51, 79 South. 389; 11 Ala. App. 670, 66 South. 954; 93 Ala. 197, 9 South. 579. There was no error in the refused charges. 186 Ala. 282, 65 South. 329; 131 Ala. 658, 31 South. 558, 57 L. R. A. 212; 126 Ala. 244, 28 South. 422; 64 Ala. 535; 118 Ala. 330, 24 South. 852. Casual remarks by court to counsel, not addressed to the jury, are not subject to review. 5 Ala. App. 255, 59 South. 751; 135 Ala. 433, 33 South. 276; 127 Ala. 33, 28 South. 687; 55 Ala. 47; 78 Ala. 5.

SAYRE, J. Statutory detinue for one Ford auto car. Judgment for the plaintiff; damages for detention assessed at one cent.

The parties had exchanged automobiles—at least there had been negotiation looking to an exchange, and defendant had taken possession of the machine plaintiff sought to recover. Plaintiff's contention, as shown by the evidence adduced, took on two aspects: (1) That the negotiation had not resulted in an agreement of exchange; and (2) that defendant had fraudulently misrepresented the mechanical condition and worth of his car, which came into plaintiff's possession, and on that ground plaintiff sought to establish a rescission.

[1, 2] Defendant's (appellant's) first insistence on appeal is that plaintiff should not have been permitted to introduce evidence of fraud, in the absence of an allegation to that effect in the complaint. The complaint is in Code form substantially. There are no precedents for defendant's contention, nor is it desirable that there should be. It has never been questioned that in an action for the recovery of specific chattels, brought in this form, plaintiff, who has by fraud been induced to part with his property, may, if he acts with reasonable promptness after discovering the fraud, rescind the contract in toto, and recover his property. In such case no allegation of fraud is necessary.

[3] Charge 2, given at the request of plaintiff, contributed little to the jury's understanding of the issues involved, for the reason that it contained no explanation of "sufficient reason"; but it contained no erroneous statement of law (Comer v. Franklin, 169

Ala. 573, 53 South. 797), and reversible error cannot be affirmed of the court's action in giving it.

[4] Charge 2, requested by defendant, was refused without error. It exacted too high a degree of proof. It was only required of plaintiff that he prove his title to the reasonable satisfaction of the jury. Morrow v. Campbell, 118 Ala. 330, 24 South. 852; Wilcox v. Henderson, 64 Ala. 535. The rule of Bailey v. Litten, 52 Ala. 282 (affirmed in later cases—Johnson v. Rogers, 112 Ala. 576, 20 South. 929), applies where the jurisdiction of the court of equity is invoked for the rescission or cancellation of contracts which have been reduced to writing.

[5] Charge 4, refused to defendant, was amply covered by charge 3 given for defendant, and in better form, for, according to plaintiff's testimony, it was his right—perhaps his duty—under the contract, to have the new fly wheel adjusted. Moreover, the charge ignored plaintiff's alternative contention that there had been no consummated contract of exchange.

[6] We find no merit in appellant's criticism of that part of the court's oral charge shown by assignment of error numbered 18. By charging the jury that they were to determine "to whom the property belonged," considered in connection with the evidence submitted to them and other parts of the court's oral charge, we do not think it was to be reasonably apprehended that the court was speaking of the right of property as it was prior to the transaction in question, and further, even though such apprehension might have been entertained, the exception went to other parts of the charge also, and failed to point out with proper definition that part of the charge now under criticism.

[7] Assignment of error 17 is based upon a statement made by the trial court to the lawyers in the case, but not to the jury, as the bill of exceptions clearly shows, though "in their presence." The statement in question was not an instruction to the jury—the trial judge was careful to exclude that conclusion—and cannot avail to reverse. Schieffelin v. Schieffelin, 127 Ala. 14, 33, 28 South. 687, and cases there cited.

[8] The rulings on evidence disclose no reversible error. The declarations elicited by plaintiff from defendant's witness Harmon on cross-examination—declarations made by plaintiff in a conversation with the witness—were self-serving, it is true; but defendant had drawn out so much of the conversation as tended to promote his contentions, and plaintiff was entitled to the rest in order that the jury might know the true meaning and import of the whole. Noel v. State, 161 Ala. 25, 49 South. 824.

[9] The objection to the question allowed to the witness Smith was altogether general. The witness was a mechanic, and had worked upon the car that plaintiff got in exchange from defendant. The evidence objected to tended to show that he had not worked upon the motor, for the reason that he had been directed to work upon the rear end of the car. The question did characterize the car as a "piece of junk," and that part of it would have been better eliminated, though evidence already before the jury tended to warrant the language. However, defendant failed to point out this objection to the question, and for this reason, if none other, the trial court will not be put in error.

We find no reversible error.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.