56 So.2d 656

**DAY v. DOWNEY.**

1 Div. 482.

Supreme Court of Alabama.

Jan. 24, 1952.

588

Adams & Gillmore, Grove Hill, for appellant.

T. Watrous Garrett, Grove Hill, for appellee.

FOSTER, Justice.

There were two counts on which this action was tried. Both are based on a claim of willfully or wantonly causing the death of plaintiff's intestate. In Count A the wrong is charged to the defendant Day who is alone sued. In Count B it is charged to one Dunn, alleged to have been the agent, servant or employee of defendant Day, and acting in the line and scope of his employment. Both counts allege that decedent Downey was at the time riding in the car owned by defendant as his guest. They both allege that his death resulted as a proximate consequence of the willful or wanton conduct there alleged. Count A, that it was defendant's willful or wanton conduct; and B, that it was the defendant's agent, servant or employee whose willful or wanton conduct caused Downey's death. The quo modo of the willful or wanton conduct is not alleged, which is not necessary. Lehigh Portland Cement Co. v. Sharit, 234 Ala. 40, 173 So. 386.

The first question on this appeal is whether the court properly sustained plaintiff's demurrer to pleas 2 and 3. Plea 2 was directed to Count A, and plea 3 to Count B. They present the same question. Plea 2 is as follows: "That the defendant, at the time and place alleged, was intoxicated to such extent as to render him incompetent to operate said automobile and that fact was known to plaintiff's intestate when he became a guest passenger in said automobile; that the accident resulted proximately from the intoxicated condition of the defendant; wherefore, defendant charges that plaintiff's intestate assumed the risk incident to his becoming a passenger in said automobile and that plaintiff cannot recover."

They are both subject to the same principles. Neither count alleges that the party who caused plaintiff's intestate's death was incompetent or intoxicated and that such condition was connected with or caused the damnifying act. But both are predicated upon either a willful or a wanton injury. Byram & Co. v. Bryan, 224 Ala. 466, 140 So. 768. To be a willful injury, it must have been an intentional one and distinguished from an intentional act merely. To be a wanton injury, he must have been conscious of his conduct and that injury would likely result therefrom, and, with reckless indifference to the consequences, he intentionally did a wrongful act or omitted a known duty, which produced the injurious result. Birmingham R. L. & P. Co. v. Cockrum, 179 Ala. 372, 381, 60 So. 304; 15 Ala.Dig., Negligence, 302, ☞11.

Of course, a special plea must be consistent with the allegations of the complaint, and either expressly or impliedly admit them. These pleas do not expressly admit them, but they impliedly do so, not denying them. Count A alleges that the death of plaintiff's intestate was the proximate consequence of defendant's willful or wanton conduct. The plea to it alleges that it resulted proximately from the intoxicated condition of defendant. Reading that into the complaint, it means that the willful or wanton injury which proximately caused intestate's death was itself the proximate result of defendant's intoxication, and that when the injured man became a guest passenger he knew that defendant was so intoxicated as to be incompetent to operate the automobile. Of course, he did not know defendant would willfully or wantonly injure him. But it is possible that a condition of intoxication which would render a driver incompetent to operate an automobile could stimulate a sense of conscious recklessness in the face of known danger which would be wantonness, but would it stimulate an intention to injure another without provocation? As to that aspect of the complaint, the contention would rest on thin ice. The plea must be an answer to all aspects of the complaint. The evidence might show a willful injury as alleged.

But aside from that, the plea does not allege that the deceased, when he became a guest, appreciated the danger to himself likely to result from the willful or wanton conduct of defendant stimulated by his incompetence as a result of his drunkenness. An appreciation of the risk is a necessary element of the principle sought to be applied. Foreman v. Dorsey Trailers, Inc., Ala.Sup., 54 So.2d 499;[1] McGeever v. O'Byrne, 203 Ala. 266, 82 So. 508, and many other cases. The injured party might have known of the drunken condition of defendant, but have himself been too drunk to appreciate the danger of riding with him. And the evidence shows he had been drinking heavily. Or he might have supposed that defendant, although drunk, would not intentionally or wantonly cause his injury or death. Tallassee Falls Mfg. Co. v. Moore, 158 Ala. 356(2), 48 So. 593.

These are questions which are not discussed in briefs, but we think they should be pointed out even though controlling effect is not given them. But assuming that the plea alleges not only knowledge by the injured party of the circumstances from which danger might arise, but also an appreciation of the danger, and that all of it was voluntarily assumed by deceased, the question presented in argument is whether such a plea is a good answer to a willful or wanton count. For reasons which were carefully analyzed in Foreman v. Dorsey Trailers, Inc., supra, we think the pleas were not good as an answer to the counts, not considering the matter referred to above, as to which no contention is here made. Although plaintiff's intestate may have been sober enough to know and appreciate the danger of riding as a guest of defendant on account of his drunken condition, and have voluntarily done so, it does not follow that defendant could willfully or wantonly kill him without legal responsibility for so doing. Our cases have adopted that view of it,

1. Ante, p. 253.

as pointed out in the Dorsey case, supra. See, Louisville & N. R. R. Co. v. Markee, 103 Ala. 160, 15 So. 511; Louisville & N. R. R. Co. v. Orr, 121 Ala. 489, 499, 26 So. 35; Central of Georgia R. Co. v. Partridge, 136 Ala. 587, 596, 34 So. 927; Davis v. Smitherman, 209 Ala. 244(4), 96 So. 208.

██ On the basis of appellant's interpretation of the law in respect to the principle which we have argued, he insists that he was entitled to the affirmative charge without those pleas. But a plea was necessary to raise the issue of assumption of risk. Mobile Electric Co. v. Sanges, 169 Ala. 341, 53 So. 176. Of course, if for any reason the injury to deceased and his subsequent death were not the proximate result of the willful or wanton act of defendant or his servant, plaintiff cannot recover at all. But there was evidence from which the jury could find that a wanton injury to or the death of the deceased was caused by defendant. The principle relied on by appellant, if not sound for the purpose of sustaining plea 2, supra, certainly would not support the general charge for defendant without a sufficient plea. What we have said, we think sufficiently answers assignments 1, 2, 3 and 5.

## Assignment No. 4.

Appellant contends that he was entitled to the affirmative charge on Count B for the additional reason that the wrongful act is there charged to Dunn, an agent, servant or employee of defendant Day, acting in the line and scope of his employment, and that this is not sustained by any aspect of the evidence.

It seems to be virtually conceded by counsel for appellee, as well as appellant, that the evidence shows that they were on a joint enterprise. Being so, appellant contends that Dunn, alleged in Count B to have caused the injury, was as much the agent of deceased Downey as he was of defendant Day. Dunn is not a party defendant. He was also killed. Of course, the fact that they were engaged in a joint enterprise would not alone exonerate the one of them who was driving from the effect

upon the others of his wrongful acts while so doing. If Dunn willfully or wantonly killed Downey, Dunn could not justify himself simply by the fact that they were engaged in a joint enterprise. Whiddon v. Malone, 220 Ala. 220, 124 So. 516. But this suit being against Day alone, the question raised by Count B is whether Day is responsible for Dunn's wrongful conduct. Can a coadventurer at the same time be also the agent or servant of one of them so as to make the latter responsible to a third coadventurer on the principle of respondeat superior? Appellant raises that question in respect to Count B by the refusal of the affirmative charge as to it.

██ Each coadventurer has an equal right to direct and control the operation of the vehicle they are using. 20 R.C.L. 150, section 122, note 10; 38 Am.Jur. 924; 65 Corpus Juris Secundum, Negligence, § 168, p. 813; Peoples v. Seamon, 249 Ala. 284(6), 31 So.2d 88. But one may in fact surrender such right to another so far as their mutual relations are concerned, but not in respect to other persons. Whiddon v. Malone, supra.

██ There is no evidence from which the conclusion may be drawn that Dunn had changed in any respect his relationship to Downey, although Dunn is alleged in this count to have been operating the car as agent of Day. Day had been operating the car himself, and there is evidence that when the accident occurred Dunn was driving, with Day in the car. The evidence is conflicting as to that. But there is nothing on which to base a conclusion that if Dunn was driving, he was not doing so as a joint adventurer on an enterprise which had begun as such, and the only change in that respect, if there was a change, was that Dunn was driving when the accident occurred, whereas Day had been driving. That circumstance did not shift Dunn's relationship in the enterprise from a joint adventurer to an agent of Day so as to make Day liable for Dunn's act of wantonly causing Downey's death. They were joint adventurers all the while, and as to each other that relationship did not make one of them liable for injuries

to another caused by the wrongful act of the third.

The charge as to Count B should have been given. There was error in its refusal.

## Assignment No. 6.

One of the controverted questions of fact was whether at the time of the accident, Day or Dunn was driving the car. While on the trip, they stopped at a filling station and got gasoline. While there they saw the operator of the station, one Kelly. Kelly testified in the trial for defendant that when the automobile came up and when it left his filling station, Dunn was driving. On cross-examination by plaintiff's counsel the following occurred:

"Q. I will ask you if on Monday this accident happened about eight or nine o'clock, if you did not have a conversation at your filling station with Earl Wilson about this accident? A. I think so.

"Q. I will ask you further if in this conversation there you did not tell Earl Wilson that Buck Day was driving the car when they came up there? A. No, sir.

"Q. You did not tell him anything like that? A. No, sir.

"Q. I will ask you further if you did not tell him that Julius Downey and Woodie Dunn both got out of the car when (they) drove up to your place? A. No, sir.

"Q. You did not tell him that? A. No, sir.

"Q. You did not have a conversation with him? A. I don't remember. I might have. I did not tell anybody that anyone got out but Woodie."

In rebuttal plaintiff introduced Earl Wilson as a witness, and after identifying the occasion, he was asked: "Did he (Kelly) or not on this occasion at his filling station tell you that at the time this (Day's) car was driven there that Buck Day was driving the car and Buck Day drove the car away from the filling station?" Defendant objected to this question on the ground that the proper predicate had not been laid, and that the question is not in con-

formity with the predicate that was laid. The objection was overruled and defendant excepted.

The point here made is that in the predicate the question did not include the statement that "Buck Day drove the car away from the filling station." The inquiry in the predicate was only whether he told Wilson that "Buck Day was driving the car when they came up there."

In Couch v. Hutcherson, 243 Ala. 47, 8 So.2d 580, 141 A.L.R. 697, we referred to the well known principle that the contradictory statement must be called to the attention of the witness in substantially the form as made to the impeaching witness. In each case the predicate must be analyzed on that theory. Whether the variance in the instant case was substantial, as there understood, need not be decided as it may not occur on another trial.

## Assignment No. 7.

We think there was error in respect to this assignment. Defendant was merely seeking to bring out all the conversation which defendant had with Mitchell, although some of it was as to matter of which Mitchell could not have testified independently of that situation. Cornett v. Brooks, 206 Ala. 566, 90 So. 787; Noel v. State, 161 Ala. 25, 49 So. 824; Chandler v. Goodson, 254 Ala. 293, 48 So. 2d 223.

## Assignment No. 8.

This action being under the homicide statute, section 123, Title 7, Code, of course the principle which controls the amount of the recovery is that the damage is punitive in nature and must not be compensatory. The court erred in his oral charge in that respect and exception was taken.

For the errors pointed out above, the judgment is reversed and the cause remanded.

Reversed and remanded.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.