(103 So. 859)
ALABAMA POWER CO. v. SIDES.
(6 Div. 132.)

(Supreme Court of Alabama. Jan. 15, 1925. Rehearing Denied April 30, 1925.)

**1. Evidence ⬸142(1)—Evidence of what party condemning paid for similar property incompetent.**

Sales of property condemned being in nature of compromise, evidence of what party condemning paid for other similar property is incompetent.

**2. Evidence ⬸472(2)—Question whether condemnation of right of way would injure or diminish value of contiguous lands held not to call for opinion as to amount of damages.**

Question to witness, as to whether condemnation of right of way for electric power line would result in injury to or diminution in value of remaining and contiguous lands, held not objectionable as calling for opinion as to amount of damages.

**3. Eminent domain ⬸222(1) — Refused charge, that power company acquired no right to fence right of way sought to be condemned, held not abstract.**

Refused charge, that power company acquired no right to fence right of way sought to be condemned, held not abstract, in view of testimony disclosing that number of witnesses based opinion as to damages to remaining land on idea that right of way divided defendant's land in two parts.

**4. Eminent domain ⬸222(4)—Charge as to compensation for right of way held properly refused as omitting consideration of timber destroyed outside width condemned.**

In proceedings to condemn right of way for electric power line, charge to fix compensation at fair cash market value of 25-foot

strip *held* properly refused as omitting consideration of valuable timber destroyed for width of from 80 to 100 feet.

Appeal from Circuit Court, Walker County; R. L. Blanton, Judge.

Proceeding by the Alabama Power Company to condemn lands of Jeff T. Sides. From judgment fixing damages, plaintiff appeals. Reversed and remanded.

The question propounded by defendant to his witness Hendon, the overruling of plaintiff's objection to which is made the basis of the second assignment of error, is as follows:

"Would the fact that the company had a right of way through there with the rights that I have detailed to you in the former question (a 25-foot right of way, a right over that right of way superior to any right the landowner will have in the future, the right to cut any other timber that will grow up and endanger the poles or wires, and the right to put other poles and lines there that may be necessary in the operation of their business), would there be any injury or diminution, decreased value, caused to the remaining and contiguous lands?"

Charge 6, refused to plaintiff, is as follows:

"If you believe from the evidence that the lands of defendants outside of the right of way strip were worth just as much immediately after the right of way was taken as they were immediately before, then, in fixing the amount of compensation to be paid to defendants, you should fix it only at the fair cash market value of the 25-foot strip covered by the right of way."

A. F. Fite, of Jasper, and Martin, Thompson, Foster & Turner and H. A. McWhorter, all of Birmingham, for appellant.

It was error to overrule objection to the question to witness Hendon (assignment 2). S. A. L. v. Brown, 158 Ala. 630, 48 So. 48. Charges 3 and 6 were correct and should have been given. Ala. Power Co. v. Keystone Lime Co., 191 Ala. 58, 67 So. 833, Ann. Cas. 1917C, 878. Plaintiff should have been permitted to show the price paid by condemnor for rights over adjacent lands. Curley v. Jersey City, 83 N. J. Law, 760, 85 A. 197, 43 L. R. A. (N. S.) 985; Burns v. P. R. R., 229 Pa. 648, 79 A. 125; S. A. L. v. Chamberlin, 108 Va. 42, 60 S. E. 727; Concord R. Co. v. Greely, 23 N. H. 237; Langdon v. N. Y., 133 N. Y. 628, 31 N. E. 98.

Curtis, Pennington & Pou, of Jasper, for appellee.

Evidence of the price paid for other lands by the condemnor to be used in the same enterprise is inadmissible to prove the value of the land being condemned. Oregon R. Co. v. Eastlack, 54 Or. 196, 102 P. 1011, 20 Ann. Cas. 692; P. R. & N. Co. v. Elmore Pkg. Co., 60 Or. 534, 120 P. 389, Ann. Cas. 1914A, 371; Lewis on Eminent Domain, § 447; Peoria G. & C. Co. v. Peoria T. R. Co., 146 Ill. 372, 34 N. E. 550, 21 L. R. A. 373; 10 R. C. L. 220; Dean v. Co. Board, 210 Ala. 256, 97 So. 744; 15 Cyc. 685, 805; State v. Sage Land Co., 118 Ala. 677, 23 So. 637. A witness may testify to the collective fact, whether any damage has resulted. Bragan v. B. R., L. & P. Co., 163 Ala. 97, 51 So. 30. The measure of damages was the full value of the land included in the petition; such damages as resulted to the residue of the tract. A. C. R. Co. v. Musgrove, 169 Ala. 429, 53 So. 1009; Ensign Y. P. Co. v. Hohenberg, 200 Ala. 150, 75 So. 897. Charge 3 was abstract. Osborn v. State, 198 Ala. 21, 73 So. 985; 6 Mayfield's Dig. 112. Charge 6 ignored a phase of the evidence. Herring v. State, 14 Ala. App. 93, 71 So. 974; McCord v. Rogers, 211 Ala. 76, 99 So. 794; Sou. Ry. v. Gantt, 210 Ala. 383, 98 So. 192; New Morgan Co. Ass'n v. Plemmons, 210 Ala. 286, 98 So. 12; Sou. Ry. v. Chestnutt, 210 Ala. 282, 97 So. 905; Shelton v. Blount, 209 Ala. 441, 96 So. 415.

GARDNER, J. Appellant obtained a decree of condemnation of a right of way, 25 feet in width, and consisting in the aggregate of 3.16 acres, through the lands of the appellee. From the amount of compensation fixed by the commissioners, appointed by the probate court, the appellee appealed to the circuit court, where the only issue tried was the amount of compensation to be paid. That issue was tried before a jury, and from the judgment fixing the amount of damages, the appellant has prosecuted an appeal to this court.

A discussion of the evidence would serve no useful purpose. Suffice it to say appellant offered proof tending to show no damage to the lands of the appellee, except that fixed for the value of the strip of land actually covered by the right of way. While, on the other hand, appellee introduced proof tending to show considerable damage to the remaining land, and, further, offered testimony to the effect that the appellant, in taking the right of way subsequent to the decree of condemnation, has cut down timber for a width of from 80 to 100 feet, which was of substantial value.

[1] Upon original consideration of this cause, we were inclined to the view the court committed error in declining to permit the witness King to testify what price he was paid by appellant for a right of way through his lands of similar character to that of appellee, upon the recognized general rule that "Market value is simply the potential patronage of buyers, expressed in terms of money," and that the selling value of similar property is some evidence of value. 1 Greenleaf on Evidence, 91; T. C. I. Co. v.

State, 141 Ala. 103, 37 So. 433; State v. Brintle, 207 Ala. 500, 93 So. 429; State v. Donaldson, 209 Ala. 400, 96 So. 617.

Upon reconsideration, however, we have reached the conclusion that by the weight of authority and sound reasoning as well, sales of this character by the property owner to the condemning party form an exception to the general rule. This upon the theory that such sales are in the nature of a compromise. The rule is well stated in 2 Lewis on Eminent Domain, 667, as follows:

"What the party condemning has paid for other property is incompetent. Such sales are not a fair criterion of value, for the reason that they are in the nature of a compromise. They are affected by an element which does not enter into similar transactions made in the ordinary course of business. The one party may force a sale at such price as may be fixed by the tribunal appointed by law. In most cases the same party must have the particular property, even if it costs more than its true value. The fear of one party or the other to take the risk of legal proceedings ordinarily results in the one party paying more or the other taking less than is considered to be the fair market value of the property. For these reasons such sales would not seem to be competent evidence of value in any case, whether in a proceeding by the same condemning party or otherwise."

See, also, Oregon R. R. Co. v. Eastlack, 54 Or. 196, 102 P. 1011, 20 Ann. Cas. 692, and note; Pac. Ry. v. Packing Co., 60 Or. 534, 120 P. 389, Ann. Cas. 1914A, 371, and note.

There is very respectable authority to the contrary (Curley v. Mayor, etc., 83 N. J. Law, 760, 85 A. 197, 43 L. R. A. [N. S.] 985, and note), but we conclude the rule as stated in Lewis on Eminent Domain, supra, is the better and safer guide in cases of this character. We are of the opinion, therefore, the court committed no error in sustaining objection to the question.

[2] The second assignment of error is not well taken. The question asked did not call for an expression of opinion by the witness as to the amount of damages, but only as to whether or not there had been, in his opinion, any injury or damage to the remaining land. The case of S. A. L. R. R. Co. v. Brown, 158 Ala. 636, 48 So. 48, is therefore not applicable.

The question here under consideration bears analogy to that of Bragan v. B'ham Ry. Co., 163 Ala. 93, 51 So. 30, wherein it was held that the witness would be permitted to answer the question as to whether or not the rental value of the property had been injured.

[3] The court refused the following charge requested by the appellant:

212 ALA.—44

"I charge you, gentlemen of the jury, that the Alabama Power Company acquire no right to fence either side of the right of way involved in this case."

That no such right was acquired was expressly decided by this court in Alabama Power Co. v. Keystone Co., 191 Ala. 58, 67 So. 833, Ann. Cas. 1917C, 878, and that the charge asserts a correct proposition of law is not questioned by counsel for appellee. The insistence is that it was properly refused as abstract. An examination of the testimony discloses that a number of witnesses for the appellee base their opinion as to the damages of the remaining land upon the idea that this right of way divided one part of the land from the other—to use the expression of one of the witnesses, "cuts the land in two," and of another, "the right of way divides the land," and of still another that "the right of way cuts him off." The witness Hendon stated that his conclusion or opinion was rested on the idea that the condemning party, to use the language of the witness, "would have the right to fence that up and separate the land entirely." In view of this evidence, therefore, we are of the opinion that the charge was not abstract, and that its refusal cannot be rested upon this ground. This assignment of error, therefore, is well taken.

[4] Charge numbered 6, refused to the appellant, leaves out of consideration the timber which was destroyed by the appellant for a width of from 80 to 100 feet, and which was shown to be of substantial value. This, we think, justifies its refusal.

For the error indicated, let the judgment be reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.