196 So. 121

**PICKENS COUNTY v. JORDAN.**

**6 Div. 571.**

Supreme Court of Alabama.

May 16, 1940.

Curry & Curry, of Carrollton, W. A. Davis, of Aliceville, and Jack M. Pratt, of Carrollton, for appellant.

D. D. Patton, of Carrollton, for appellee.

THOMAS, Justice.

The proceeding was for condemnation of land for a public highway. The only question presented is as to the amount of damages as compensation for the land taken for such right-of-way.

On appeal to the circuit court from an order of the probate court condemning land for a right-of-way the trial is de novo. Code, § 7492; Alabama Power Co. v. Henson, 237 Ala. 561, 187 So. 718.

The proper rule for the admeasurement of damages and compensation for taking of land for right-of-way to construct a public highway is the value of the land actually taken and consequent damage to adjoining lands and the commissioners or court in fixing the amount to be allowed the land owner must take into consideration the value of the enhancement to the remaining lands of such owner by reason of the construction of said highway. Code, § 7489; Acts of Alabama 1927, p. 492; Conecuh County v. Carter, 220 Ala. 668, 126 So. 132; McRea v. Marion County, 222 Ala. 511, 133 So. 278.

The court will take judicial knowledge of the location of the Town of Gordo and the population thereof as recorded by the Federal census. State v. Western Union Telegraph Co., 208 Ala. 228, 94 So. 466; Hodge v. Joy, 207 Ala. 198, 92 So. 171; Ex parte Fowler, 203 Ala. 98, 82 So. 112; Jackson Lumber Co. v. Trammell, 199 Ala. 536, 74 So. 469.

Pickens County acquired no absolute fee simple title to, but only the right to use the land for the purposes stated in its application. The compensation must be made for the value of the "land taken" under the statute. Michie's Code, § 7489. In estimating such value, as to an easement, it has been held if anything would be left to the land owner of value consistent with the enjoyment of the easement, such use should also be considered. Stout v. Limestone County, 211 Ala. 227, 100 So. 352.

In the ascertainment of the value of the lands taken under and within the limitations of the statute there is no stereotyped form of question to be addressed to a witness shown to have knowledge of the value of the land, to enable the witness to express his judgment, in order that the value of the land may be ascertained by the jury. Alabama Power Co. v. Henson, 237 Ala. 561, 187 So. 718. In other words, whatever an intelligent buyer with a foreknowledge of the facts would estimate as an element of value of the land taken at the time of its condemnation may be considered. Alabama Power Co. v. Henson,

supra; Ensign Yellow Pine Co. v. Hohenberg, 200 Ala. 149, 75 So. 897; Alabama Central R. R. Co. v. Musgrove, 169 Ala. 424, 53 So. 1009.

In the ascertainment of compensation to be awarded on condemnation of lands under § 7489, Michie's Code, it has been held that it is improper to admit evidence of the amount of damages assessed or paid on condemnation to owners of other adjoining or adjacent lands.

The Constitution requires that "just compensation" first be made before lands are condemned. Constitution 1901, Art. 1, § 23, Art. XII, § 235. The compensation required by statute is thus stated:

"§ 7488. The commissioners thus appointed, or a majority of them, shall assess separately the damages and compensation to which the several owners and other parties interested in each of the several tracts of land are entitled, and they shall be sworn as jurors are sworn. The commissioners may view the lands to be subjected, and must receive all legal evidence offered by any party touching the amount of damages the owners of the lands and other parties interested therein will sustain and the amount of compensation they are entitled to receive.

"§ 7489. The amount of compensation to which the owners and other parties interested therein are entitled must not be reduced or diminished because of any incidental benefits which may accrue to them, or to their remaining lands in consequence of the uses to which the lands to be taken, or in which the easement is to be acquired, will be appropriated. Provided that, in the condemnation of lands for ways and rights of ways for public highways, the commissioners may, in fixing the amount of compensation to be awarded the owner for lands taken for this use, take into consideration the value of enhancement to the remaining lands of such owner that such highway may cause. (1927, pp. 492, 493.)"

■ Thus the owner of each tract of land must be justly compensated for the taking of the land as of the time when taken, without regard to the effect of the condemnation of lands of other owners or its values at such time. Birmingham-Trussville Iron Co. v. Allied Engineers, Inc., 225 Ala. 522, 144 So. 1; Mobile County v. Barnes-Creary Supply Co., 225 Ala. 127, 142 So. 72.

In Rudder v. Limestone County, 220 Ala. 485, 125 So. 670, 675, 68 A.L.R. 776, which was a case under the amended statute involving public roads, it was held that, "There is nothing in the Constitution of this state, nor of the United States, prohibiting a consideration of benefits in estimating the just compensation to be paid. There being no such prohibition, none can be implied. Therefore the Legislature, in the exercise of the right of eminent domain, could direct that, when a part or parcel of land is appropriated for public use indicated, in ascertaining the amount of just compensation, there may be taken into consideration the benefits caused thereby. The framers of our last Constitution had the foregoing provisions in mind when they made the significant changes from section 5 of the Constitution of 1868 to that of 1901, as section 235. This section took the place of section 7 of article 14 of the Constitution of 1875. While the two sections are similar, the 1901 Constitution carried this new specific provision: 'To be ascertained as may be provided by law.' This is apparent that the intent was to leave to the Legislature the right to fix the measurement and method of proof in such cases, so that 'just compensation' could be made. And compensation, to be just, must be just compensation to the owner and just to the public."

As to the ascertainment of value, it is declared in Rudder v. Limestone County, supra, as follows: In the case of "Alabama Cent. R. Co. v. Musgrove, 169 Ala. 424, 53 So. 1009, condemnation sought was under the statutes and the Constitution of 1901; just compensation was said to include (1) the value of the land taken; (2) any injury to the remaining part of the tract of land; (3) as an element in assessing damages for the taking of land, the adaptability of the land taken for a special purpose, affecting its value, must be taken into consideration; (4) damages to other lands of the landowner limited to the tract, a portion of which is taken, may extend to recovery for damages to the entire tract; (5) that the proper way to arrive at diminution in value of the remaining land of said tract is the difference in the market value just before and just after the taking."

And in the said case of Rudder v. Limestone County, supra, it was further said that the important question recurring for decision, is the "correct interpre-

592

tation of the words 'just compensation to be ascertained as may be provided by law,' under the Constitutions having application. The Fifth Amendment to the Constitution of the United States contains the words, 'Nor shall private property be taken for public use, without just compensation,' and this is the same in effect as section 23 of the Alabama Constitution."

The summarization of the subject by Judge Freeman (Symonds v. Cincinnati, 14 Ohio 147, 45 Am.Dec. 529), as set out in the said Rudder opinion, supra, is as follows: " '* * * It is considered proper, in determining the question of just compensation, to take into account both the damages and the benefits, so far as the latter are special and peculiar to the owner of the land taken or injured; Cooley's Const. Lim. 566 (marg. page); Livingston v. Mayor, etc. of New York [8 Wend. (N.Y.) 85], 22 Am.Dec. 622. * * "But if the proposed road or other improvement inures to the direct and special benefit of the individual out of whose property a part is taken, he receives something which none else of the public receive, and it is just that this should be taken into account in determining what is compensation. Otherwise he is favored above the rest, and instead of simply being made whole, he profits by the appropriation, and the taxes of the others must be increased for his special advantage. Upon general principles, then, and with due regard to right and justice, it should be held, that the public may show what direct and special benefits accrue to an individual claiming road damages, and that these special benefits should be applied to the reduction of the damages otherwise shown to have been sustained." And if an adjustment made on these principles shows that the benefits are equal to the damages, the owner is awarded nothing, but is regarded as having received full compensation in benefits: * * *.' "

██ This will indicate that the legislature had the right within due limitations to fix the rules as to the ascertainment of "just compensation" for lands condemned of the several clauses authorized by statute. See Pryor v. Limestone County, 222 Ala. 621, 134 So. 17.

The bill of exceptions recites:

"To refresh your recollection * * * The house I am referring to was the house that the right of way went right un-

der, and the house had to be moved * *. Now, do you recall how much your commission appraised that property for? The plaintiff duly objected to the foregoing question. * * * The Court overruled the objection and the plaintiff then and there duly excepted to the ruling of the Court.

"The witness then answered: 'You are right, $1200.00, I do not recall the width of Mr. Elmore's lot nor whether there was enough of his lot left that his house was to be moved back on that part of the lot that was left. I am positive we allowed him $1200.00.

"The defendant then asked the witness: 'Do you recall how much you awarded J. E. Strickland?'

"The plaintiff objected to the question because it called for illegal, irrelevant and incompetent testimony.

"The Court then asked: 'All this adjoining property?'

"Defendants Attorney replied: 'Yes Sir.'

"The Court then said: 'I just let it in to let the jury get a survey of the situation, it all being condemned at one time and adjoining property, not that it has anything particularly to do with the value, but to get an outline on like property.'

"The plaintiff then and there objected to this ruling of the Court and reserved an exception to said ruling.

"The defendant then asked the witness: 'To refresh your recollection, do you remember appraising a piece of property for street south of property owned by Mr. Jordan and kind of behind the big house, sitting next to this house there.'

"The plaintiff objected to said question on the ground that it was leading, and called for illegal, irrelevant and immaterial testimony. The Court overruled the objection and the plaintiff then and there excepted to the ruling of the Court.

"The witness answered: 'Yes, sir.' * * *"

██ In these rulings of the court there was prejudicial error committed. Hays et al. v. Ingham-Burnett Lumber Co., 217 Ala. 524, 116 So. 689; Stout v. Limestone County, 211 Ala. 227, 100 So. 352; Alabama C. R. R. Co. v. Musgrove, 169 Ala. 424, 53 So. 1009; Rudder v. Limestone County, supra. There is analogy to be found in the decisions touching the rules of value estab-

lished by this court in tax cases. State v. Brintle, 207 Ala. 500, 93 So. 429; State v. Donaldson, 209 Ala. 400, 96 So. 617; Bynum Bros. v. State, 216 Ala. 102, 112 So. 348.

In the recent case of Alabama Power Co. v. Henson, 237 Ala. 561, 187 So. 718, 721, the rule of evidence in such cases is confined to the land in question and is thus stated: "It is relevant to inquire into the several elements of value, such as the uses to which the property is adapted, although not presently so used, if it appears such prospective use affects the present market value of the property. Whatever an intelligent buyer would esteem as an element of value at the time of taking may be considered. Alabama Central Railroad Company v. Musgrove, 169 Ala. 424, 53 So. 1009; Ensign Yellow Pine Co. v. Hohenberg, 200 Ala. 149, 75 So. 897; Crawford v. City of Decatur, 226 Ala. 418, 419, 147 So. 615; O'Neill v. City of Birmingham et al., 221 Ala. 580, 584, 130 So. 87."

In each of the authorities cited the inquiry of value and damages was confined to the lands sought to be condemned and as affecting the whole of the owner's adjacent lands, the remaining part of the same tract.

The judgment of the circuit court is reversed and the cause is remanded.

Reversed and remanded.

GARDNER, C. J., and BOULDIN and FOSTER, JJ., concur.