3 So.2d 54

**HOUSING AUTHORITY OF PHENIX CITY v. HARRIS.**

4 Div. 188.

Supreme Court of Alabama.

June 19, 1941.

Roy L. Smith, J. B. Hicks, and W. R. Belcher, all of Phenix City, for appellant.

J. W. Brassell, of Phenix City, for appellee.

GARDNER, Chief Justice.

The Housing Authority of the City of Phenix City, Alabama, a domestic corporation empowered with the right of eminent domain (Sections 7476—7533, Code 1923, Gen.Acts 1935 p. 126, Code 1940, Tit. 19, § 1 et seq., Tit. 25, §§ 5–29), is engaged in a project known as the "Frederick Douglas Low Rent Housing Project", and as an incident thereto found it necessary to institute condemnation proceedings against several separate tracts of land owned by different individuals. Among them was a lot 180 by 52 feet on which was a house with two rooms and a shed and owned by defendant Addie C. Harris individually and as executrix of the estate of her husband J. W. Harris deceased.

In the Probate Court the appraisers fixed the valuation of this property at the sum of $500. Defendant, dissatisfied with the amount of this valuation, appealed to the Circuit Court where a jury fixed the sum to be paid at $1,500. From the judgment following this verdict the Housing Authority has prosecuted this appeal.

Appellant's principal ground for reversal of this judgment is rested upon the ruling of the court admitting, over its objection, evidence offered by appellee as to the specified sums of money allowed various property owners (five in number), included in the housing authority project by way of award of the appraisers. Much stress was evidently laid upon this char-

**420**

acter of proof and indeed was noted in the oral charge.

In Alabama Power Company v. Sides, 212 Ala. 687, 103 So. 859, in accord with the weight of authority elsewhere (note to Maxwell v. Iowa State Highway Commission, 118 A.L.R. 893), it was held that such proof was inadmissible and its introduction was error to reverse. This rule was reiterated in Leahy v. State, 214 Ala. 107, 106 So. 599, and in Pickens County v. Jordan, 239 Ala. 589, 196 So. 121. The reasoning upon which these decisions rest need not be here restated. A more complete discussion is to be found in the companion case of Housing Authority of Phenix City v. Stillwell, Ala.Sup., 3 So.2d 55,[1] this day decided and a reference thereto suffices all purposes here, and as a proper guide upon another trial. These authorities are directly in point and call for a reversal of the cause.

Counsel for appellee attempts to differentiate upon the theory that in the Sides case as well as that of Pickens County v. Jordan, supra, only a right of way was sought to be condemned, while here the fee is to be acquired. But that does not affect the principle involved, and no such distinction was attempted to be made in Leahy v. State, supra, which did involve the acquisition of the fee.

We conclude, therefore, reversible error was committed and that the judgment is due to be reversed. It is so ordered.

Reversed and remanded.

BOULDIN, FOSTER, and LIVINGSTON, JJ., concur.