105 So.2d 117

**BLOUNT COUNTY**

v.

Emmett McPHERSON.

6 Div. 273.

Supreme Court of Alabama.

Sept. 11, 1958.

Nash & NeSmith, Oneonta, for appellant.

Johnson & Randall, Oneonta, for appellee.

**MERRILL, Justice.**

Blount County instituted condemnation proceedings against appellee to condemn 11.66 acres of land for highway purposes in the Law and Equity Court. Commissioners were appointed by that court and they awarded approximately $6,000 as damages. On appeal to Circuit Court, the case was tried by the court without a jury, under a stipulation that the only issue to be determined by the court was the amount of damages and compensation to be paid. The court awarded $13,805. A motion for a new trial was overruled.

The highway to be built on the condemned right of way is an access controlled highway, that is, one can enter or leave the highway only at certain designated points, and the roadside development is controlled and limited.

This highway runs along the course of the "old" highway, U.S. No. 31. Previously appellee could go directly from his property to U.S. 31 and he had considerable frontage on it. He has no frontage on the new access controlled route, and he could get to it or the old highway only by means of "service" roads.

■ Appellant's chief argument is directed to the question of whether the appellee was entitled to have "the loss of access rights" to the new highway considered as an element of his damages. The answer is in the affirmative in this particular case. The petition for condemnation sought to condemn, among other things:

"Any and all abutter's rights appurtenant to property owner's remaining property in and to said control access facility, except the right of way ingress to and egress from such remaining property to and from a service road or roads which will be accessable to the control access facility only at such points that may be established by public authority, along a line described as follows, to-wit:"

The overwhelming weight of authority is that the owner of land abutting on a street or highway has a private right in such street or highway, distinct from that of the public, which cannot be taken or materially interfered with without just compensation. Access to the highway is one of these private rights and is a property right, and the interference with the right of access of an abutting owner is an element of damage. 29 C.J.S. Eminent Domain §§ 105, 122 and 167; 39 C.J.S. Highways § 141, p. 1081. We have held that "access to a public highway is an incident to the ownership of land abutting thereon," City of Bessemer v. Brantley, 258 Ala. 675, 65 So.2d 160; and interference with such access is an element of damages. Hooper v. Savannah & Memphis R. Co., 69 Ala. 529.

Certain it is that appellee was entitled to have compensation for his loss of access rights to this limited access highway when those rights were sought to be condemned along with his land for the right of way of the highway.

■ Moreover, the information sought by the actual question which was made the basis of the assignment of error was given in a subsequent answer to which there was not objection, and the error, if any, was harmless. Ragland v. Newton, 268 Ala. 192, 105 So.2d 110; Stewart v. Weaver, 264 Ala. 286, 87 So.2d 548.

■ Assignments of error 8 and 9 are concerned with the testimony of appellee's witness Walker. He testified that the land was reasonably worth $65,000 prior to the building of the highway, and $48,000 after it was built. When it developed that Walker had not made an inspection of the property until three months prior to the trial, appellant moved that *all* of his testimony be excluded, which motion was overruled. Most of the testimony of the witness was admissible, and the court correctly refused to exclude all of it. There are other reasons why there was no error in refusing to exclude the testimony as to value, but it is not necessary to discuss the point further.

■ Assignment of error 7 charges that the court erred in overruling appellant's motion to exclude the testimony of the witness Wrightsman as to land in Jefferson County. But the motion was "to exclude all his testimony as to lands in Jefferson County." Once again, the motion was too inclusive. Part of appellee's farm was in Jefferson and part in Blount, and much of the testimony concerning the Jefferson County land was competent and admissible.

Assignment of error 10 charges that the court erred in overruling the motion to exclude the testimony of the witness Walker. But the motion was "to exclude the entire testimony of this witness." This also was too inclusive and the court properly overruled the motion.

Assignment of error 3 asserts that the court erred in overruling an objection during the cross-examination of appellant's witness Chichester, who had appraised the appellee's land and that of a neighbor, Lester Doss. The witness had already testified that Doss "has a better piece of land

than Mr. McPherson." He was then asked:

"Q. Do you remember appraising the Doss property at $400.00 an acre?

"Mr. NeSmith. Objection.

"The Court: The objection is overruled as to the acreage.

"Mr. NeSmith: We except. A. I don't remember in figures what I put on the Doss land or any part for the simple reason it has been a year ago and I have made any number of appraisals since. My office has the records but I do not have them with me. I would not say that I did not put $400.00 valuation on it."

■ The admission into evidence in condemnation proceedings as to the specified sums of money allowed other property owners is reversible error. Housing Authority of Phenix City v. Harris, 241 Ala. 419, 3 So.2d 54; Housing Authority of Phenix City v. Stillwell, 241 Ala. 420, 3 So.2d 55; Pickens County v. Jordan, 239 Ala. 589, 196 So. 121. Here the question was improper and the court erred in not sustaining the objection to it. But the answer is inconclusive, is not responsive, and does not constitute prejudicial error.

Assignment of error 5 complains that the court did not exclude the testimony of the witness Doss "relative to the values and damages." It is argued in brief that "the witness did not have competent knowledge and information on which to base his judgment for the 'after' values of the property." We have carefully considered the testimony and we cannot agree that the testimony should have been excluded. This also applies to assignment of error 28.

Assignments of error 13, 14, 15, and 17 charge error in the overruling of objection to the following questions asked the appellee:

"How far will your children have to walk in order to catch the school bus after

this condition is over and you can no longer cross the new highway right of way?

"Will your mail box continue to be there or will you have a more desirable place for it when the new highway comes through?

"How far will it necessitate going to and from the mail box?

"How far will the new highway be from Warrior, if you know?

"Where do you trade?"

■ When read in context, these questions help elicit information as to the new circumstances and conditions prevailing after the limited access highway was completed, and no reversible error was committed in overruling objections to them.

■ Assignments of error 24 and 26 charge error in the overruling of objections to two questions propounded to appellee about the adaptability of the condemned property "for a housing project or for housing lots" and whether "it would be a desirable place for a filling station or store or other business property." These were pertinent questions. Evidence as to the adaptability of condemned property for a subdivision was held to be a proper element for consideration of the jury in assessing damages in Thornton v. City of Birmingham, 250 Ala. 651, 35 So.2d 545, 7 A.L.R.2d 773; and in Alabama Power Co. v. Herzfell, 216 Ala. 671, 114 So. 49, 51, we quoted the following from Mississippi & Rum River Boom Co. v. Patterson, 98 U.S. 403, 25 L.Ed. 206, with approval:

"The inquiry in such cases must be what is the property worth in the market, viewed not merely with reference to the uses to which it is at the time applied, but with reference to the uses to which it is plainly adapted; that is to say, what is it worth from its availability for valuable uses."

In Alabama Power Co. v. Henson, 237 Ala. 561, 187 So. 718, 721 we said:

"It is relevant to inquire into the several elements of value, such as the uses to which the property is adapted, although not presently so used, if it appears such prospective use affects the present market value of the property. Whatever an intelligent buyer would esteem as an element of value at the time of taking may be considered. Alabama Central Railroad Company v. Musgrove, 169 Ala. 424, 53 So. 1009; Ensign Yellow Pine Co. v. Hohenberg, 200 Ala. 149, 75 So. 897; Crawford v. City of Decatur, 226 Ala. 418, 419, 147 So. 615; O'Neill v. City of Birmingham et al., 221 Ala. 580, 584, 130 So. 87."

The trial court properly overruled the objections to the questions.

■ The final group of assignments of error, 19, 20, 21, 22, 23, and 27 have to do with questions about sand. The appellee was permitted to testify, over objection, that there was a sand deposit within the condemned right of way area and that the sand was suitable for and was used in road construction work.

In condemnation proceedings for highway purposes, this court said in Pryor v. Limestone County, 222 Ala. 621, 134 So. 17, 718:

" * * * 'The final inquiry is the difference between the value of the tract before and after the completion of the project.'

"But, in answering this final inquiry, it is proper for the jury to consider all circumstances which tend to depreciate its value as a direct result of the work."

The trial court properly overruled the objections to the questions. The deposit of sand added value to the property taken and its destruction was a circumstance which properly should be considered by the court in assessing the difference be-

tween the value of the tract before and after the completion of the project.

The judgment of the circuit court is affirmed.

Affirmed.

LAWSON, SIMPSON and GOODWYN, JJ., concur.