117 So.2d 402

### Fred NEUMILLER, d/b/a Neumiller Produce

v.

### Amelia T. JENKINS et al., d/b/a Jenkins Farms.

1 Div. 734.

Supreme Court of Alabama.

Jan. 21, 1960.

Wilters & Brantley, Bay Minette, for appellant.

Chason & Stone, Bay Minette, for appellees.

LIVINGSTON, Chief Justice.

This suit was begun by attaching a truck and trailer belonging to Fred Neumiller, the defendant in the court below. On the same day that the writ of attachment was levied, the plaintiffs in the court below, Amelia T. Jenkins and Hilliard Jenkins, individually and doing business as Jenkins Farms, filed their complaint in the Circuit Court of Baldwin County, Alabama. As originally filed, the complaint consisted of two counts: Count One, claimed on open account, Count Two, claimed for money had and received. The complaint was later amended to include Count Three, a count claiming damages for the alleged breach of a contract in and by the terms of which the plaintiffs, for and in consideration of the advancement to them by the defendant of money and property, consisting of cash, seed potatoes, and fertilizer, of the total aggregate value of fourteen thousand three hundred and sixty-five and 99/100 dollars ($14,365.99), agreed to plant, cultivate, spray, harvest and grade a crop of Irish potatoes for the crop year of 1956 in Baldwin County, Alabama, and to sell exclusively to the defendant all such potatoes raised by the plaintiffs during said crop year, at a price equal to thirty-five cents (35¢) per bag less than the wholesale market price in Baldwin County, Alabama, for the various grades of said potatoes on each day during the 1956 season; that said potatoes were sold and delivered to the defendant under the terms of the agreement aforesaid. Plaintiffs further allege that defendant agreed to pay plaintiffs all inspection cost or fees incurred in the grading of said potatoes, to pay all telephone expenses and labor expenses incurred by defendant in the sale and marketing of potatoes in Baldwin County, Alabama, during the 1956 potato shipping which were advanced to defendant by the plaintiffs; and to pay to plaintiffs for grading Irish potatoes purchased by the defendant from producers other than the plaintiffs. In substance, the plaintiffs allege performance of the contract on their part, and the failure of the defendant to pay the sum of twelve thousand eight hundred seven dollars and six cents ($12,807.06) due them under the terms of the contract, and for which amount they sue.

Defendant interposed pleas of the general issue.

The cause was tried by a jury and resulted in a verdict and judgment for the plaintiffs for the sum of ten thousand forty-four dollars and forty-six cents ($10,044.-46), and defendant appeals.

The transcript of the record was filed in this court on June 5, 1957. On July 8, 1957, the appellant, showing good cause, applied for and was granted a 15-day extension, from July 5, 1957, in which to file his brief.

The cause was submitted here on August 5, 1957, upon two motions of the appellees and on the merits. One motion of the appellees was to dismiss the appeal for non-compliance with Supreme Court Rule 12, Code 1940, Tit. 7 Appendix, which rule requires appellant to file his brief with the clerk of this court within thirty days after the transcript of the record has been filed in this court. Rule 12 further provides that "upon written application, served upon opposing counsel, the court, or a justice thereof, for good cause shown, may extend the time for the filing of any of appellant's or appellee's briefs for not exceeding fifteen days." Another ground for dismissal was

that the transcript of the record contained no record of the judgment of the trial court.

On August 16, 1957, the submission was set aside and certiorari granted to perfect the record. The record was perfected to show the judgment entry, and on August 20, 1957, the cause was resubmitted on the same two motions and on the merits.

Amended Supreme Court Rule 37 provides that in law cases where bills of exceptions have been abolished, the transcript of the record shall be filed in this court within sixty days after the transcript of the evidence has been established in the court below, and that for good cause shown, the trial judge may extend the time for filing the transcript of record in this court for not to exceed thirty days, and this extension may be made within the thirty additional days, provided that in no event shall such extension project the time for filing the transcript beyond ninety days. Before this rule was amended, we had held that the trial judge could act on a motion or application for an extension, filed after sixty days, but within the thirty additional day period. See Terry v. State ex rel. Pettus, 264 Ala. 133, 85 So.2d 449.

■ We think that on like principles, an application for an extension of time for filing appellant's brief, made within the fifteen additional day period, is timely made, but that the time for filing shall in no event be projected beyond forty-five days. Appellees' motion to dismiss is therefore denied.

The appellees' other motion was to affirm the judgment of the circuit court for failure of appellant to comply with Supreme Court Rule 1, regarding assignments of error, and Supreme Court Rule 9, regarding appellant's brief.

There are 32 assignments of error. Some of them are entirely too general to invite review. Others are uncertain and indefinite as to the particular error complained of.

We will deny appellees' motion to affirm and proceed to a consideration of those assignments of error which we consider covered in brief.

■ The long established rule, which needs no citation of authority to support it, is that assignments of error not argued in brief are waived and will not be considered by this court.

The principal controversy between the parties to this suit arises over the construction of that part of the contract between them which provides that "the vendees agree to sell all of said potatoes to the vendors at the price of 35¢ per bag [of 100 lbs.] less [than the] wholesale market price in Baldwin County, Alabama."

The appellees insist that "wholesale market price" means the price paid after the potatoes have been washed, graded, sacked and are F.O.B. cars or other shipping vehicles.

On the other hand, the appellant contends that it means the price paid producers at the potato sheds before they are washed, graded, sacked and are F.O.B. cars or other shipping vehicles. The jury's verdict is evidently based on the theory that "wholesale market price" means F.O.B. cars, or other shipping vehicles.

Appellant's argument in brief is divided in six parts or subdivisions.

■ Under subdivision 1 of appellant's brief, he argues the propriety of the trial court's ruling in refusing to allow the introduction of "the daily sales slips" made during the course of the operations under this contract. But these daily sales slips are nowhere set out in the record, and we are, therefore, unable to see whether the trial court erred in its ruling on appellees' objection or not. National Fire Ins. Co. of Hartford Conn. v. Kinney, 224 Ala. 586, 141 So. 350; Wood v. Harper, 1 Ala.App. 442, 56 So. 10. There is no merit in this insistence for the reasons stated, along with others which we will not take time to mention.

Appellant, in subdivision 2 and 3 of his brief, complains that the trial court erred in refusing to allow evidence to the effect that he and the appellees "agreed to and called Mike Guillani to obtain the daily potato prices."

This argument could only have reference to assignment of error No. 16, which reads as follows:

"The appellant was caused hurt by not being allowed to show that Jenkins called Mike Guillani daily, to get the potato price."

■ Nowhere in the transcript do we find an effort on the part of appellant to establish such an agreement, and we are cited to no such effort in either the assignment of error or brief. The appellant did ask Hilliard Jenkins on cross-examination if, in fact, such an agreement existed, and Jenkins answered in the negative. He then asked the witness if he called Mr. Guillani every day to get farmer prices, and the court sustained an objection to the question. Clearly, the question did not tend to prove an oral agreement that the prices quoted were to be binding on Jenkins. Error must be made to appear, and appellant cannot now be heard to complain that he was prejudiced by the ruling of the trial court in sustaining an objection to a question, the answer to which cannot shed any possible light on the issues involved in the case. The question in nowise tends to prove the existence of an agreement. There is no merit in this insistence.

Under subdivision 4 of appellant's brief, he discusses matters which appear in assignments of error 6, 7, 9, 12 and 20. Each of these assignments refers to remarks or statements of the trial judge in the course of the trial.

■ Suffice it to say, that no exception was reserved to any particular remark or statement by the trial judge, and as a consequence, there is nothing for this court to review. See Pollak v. Winter, 197 Ala. 173, 72 So. 386; Cornett v. Brooks, 206 Ala. 566, 90 So. 787.

In the fifth subdivision of the brief of appellant, he complains that the court erred in allowing Hilliard Jenkins to testify as to the total value of the seed potatoes, fertilizer and cash advances made by the appellant prior to the harvesting. The counsel for appellant set out in their brief the portion of the record wherein they submit that the alleged error occurred. The quoted portion shows that there was no ruling by the trial court on an objection by counsel for the appellant to the question seeking to elicit the total value of the noted items. The witness testified that his records show the total value of these items in response to a question which was not objected to and that immediately after he did answer the question, the counsel for the appellant objected "to him answering that." No motion was made to exclude the answer and no ruling by the trial court was made in response to the remarks of counsel for appellant.

■ It is axiomatic that in order for a trial court to be held in error on the admission or exclusion of evidence that a particular ruling of a trial court must be invoked by a proper objection seasonably made; or, in the alternative, that the party complaining must move to exclude the alleged improper testimony and thereby invoke a ruling as to its admissibility. This the appellant has failed to do and he does not, therefore, properly bring before this court the matter of the admissibility of the testimony of Hilliard Jenkins to the value of the noted items. Headley v. Harris, 196 Ala. 520, 71 So. 695; Dorroh v. Jefferson County, 264 Ala. 335, 87 So.2d 619.

■ In answer to the argument advanced by counsel for appellant in the sixth subdivision of their brief, allowing witness to testify from memorandum, we feel that it will be sufficient to state that the memorandum from which the witness was testifying was later introduced as plaintiffs' Ex-

hibit 2 without objection by the counsel for appellant.

We find no reversible error stated in any assignment of error and argued in brief, and the cause is due to be affirmed. It is so ordered.

Affirmed.

LAWSON, STAKELY and MERRILL, JJ., concur.