126 So.2d 225

STATE of Alabama

v.

Letha Madaline BOYD et al.

1 Div. 914.

Supreme Court of Alabama.

Dec. 1, 1960.

Rehearing Denied Jan. 12, 1961.

Diamond, Engel & Lattof, Mobile, for appellees.

MERRILL, Justice.

Appeal from a final judgment in favor of appellees for $36,000 in a condemnation proceeding of land for a limited or controlled access highway. The award in probate court was $32,500 and the State of Alabama appealed to the circuit court.

It was stipulated at the trial in circuit court that "the only issue before this Court is the amount that the Boyds are to receive for said tract."

The two expert witnesses for the State set the damages at $23,100 and $24,000. Appellees' two expert witnesses estimated the damages to be $36,000 and $40,530. Every witness examined as to damages, whether expert or lay, testified that damages were considerable, ranging from $23,-100 to $70,000.

Appellant argues that the court erred in giving the following written charge to the jury:

Wm. M. Clarke and Peter J. Palughi, Mobile, for appellant.

"The court charges the jury that in arriving at the amount of the award to be made to appellees herein that you cannot consider any possible enhancement to the remainder of appellees property, there being no evidence of enhancement in value before the Court."

This charge was properly given because the expert witnesses were agreed that the highway did not enhance the value of the remaining portion of appellees' property and there was no evidence that the value of the property was enhanced. This is also applicable to the charge made the basis of assignment 6.

■ It is urged by assignment 4 that the court erred in refusing to give appellant's requested charge 3, which reads:

"I charge you, Gentlemen of the jury, that where only part of a tract is condemned for the purpose of constructing a public highway, the final inquiry as to the compensation to be awarded, if any, is the difference between the value of the entire tract immediately before the taking and the value of the part of the tract remaining after the taking, giving effect to any enhancement in value of the tract remaining resulting from the construction of the public highway."

This is a correct statement of the law, and is almost a verbatim quote from Rountree Farm Co. v. Morgan County, 249 Ala. 472, 31 So.2d 346. But it was correctly refused because it contains an element not present in the instant case. As already stated, there was no evidence of enhancement of value of the remaining land, and positive evidence that there was no enhancement of value. This is also applicable to charge 4, made the basis of assignment 5.

■ In support of assignments of error 8, 9, 10, 11, 12 and 14, appellant argues that "in an unbroken line of cases beginning in 1898 the Alabama courts have followed the rule that on an issue of the value of

a certain tract of land, evidence of the price paid in a sale of another tract of land of substantially the same kind and quality, in the same locality, at a time not too remote, is admissible, provided the sale meets the requirements of the concept of fair market value and is not a forced sale or a 'wash sale' but, on the contrary, a voluntary sale. This is sometimes known as the 'Massachusetts Rule'." Again appellant correctly states the law, but the exception in the rule applies here. This is pointed out in one of the cases cited by appellant, Southern Electric Generating Co. v. Leibacher, 269 Ala. 9, 110 So.2d 308, 315, a condemnation case, where, after noting that Alabama has adopted the majority or "Massachusetts" rule, we said:

"* * * The rule is otherwise as to forced sales. See Housing Authority of Phenix City v. Harris, 241 Ala. 419, 3 So.2d 54; Pickens County v. Jordan, 239 Ala. 589, 196 So. 121; Blount County v. McPherson, supra [268 Ala. 133, 105 So.2d 117]."

All of the cases cited are condemnation cases, and such instances are not considered as voluntary sales. The question was resolved by this court in Alabama Power Co. v. Sides, 212 Ala. 687, 103 So. 859, and has been consistently followed since. It is settled that evidence of what a condemnor has paid for other property subject to condemnation is incompetent and inadmissible.

But appellant argues that the trial court excluded evidence of any sales of property in the neighborhood, which would include sales of similar property not sought to be condemned. If such a ruling were made and properly called to our attention, it would constitute error on the part of the trial court, because we have adopted the "Massachusetts" Rule. Davis v. Reid, 264 Ala. 560, 88 So.2d 857; Southern Electric Generating Co. v. Leibacher, 269 Ala. 9, 110 So.2d 308.

Appellant raises the point by assignments of error 8, 9, 10 and 11. Two assignments deal with rulings of the court during the testimony of appellant's expert witness,

Roberts, (Tr. 48–49), and two while witness Goleman was testifying, (Tr. 73–74–75). During the direct examination of the witness Roberts, the following occurred:

"Q. Just to be sure that we have this complete for the jury's thought, in determining the value of the land, you said you did go into comparable sales. Is that right? A. Yes, sir.

"Q. Were there any properties in this neighborhood that were sold?"

Objection was made, sustained, and exception taken by appellant. That is the only objection or exception listed on pages 48–49 of the transcript.

During the direct examination of the witness Goleman, the following occurred:

"Q. Did you determine the value of the land? A. I did.

"Q. State the figure you arrived at and how you did arrive at such figure. A. 9.83 acres, according to information furnished by the Highway Department, as being the size of this tract, at $3,000.00 per acre. In establishing the value of $3,000.00, I took into consideration comparable properties in the area that had been sold, one being the Delchamps Tract at the corner—."

Appellees objected at this point, the objection was sustained and exception taken. This was the only instance of an objection or exception on pages 73–74–75 of the transcript.

■ Whatever may have been the reasons for the court's rulings, they were proper at the time made. As noted in the Leibacher case, supra, and Annotation 118 A.L.R. 869, 876, there must be similarity between the tracts, and the sale must be neither too remote in point of time nor of such a character as to indicate that it did not represent the true value of the property; and it is incumbent on the party offering proof of other sales to show these facts. See also, Orgel On Valuation Under Eminent Domain, § 137. There was no evidence of similarity or time of sales before the court when objection to either of the questions was sustained. There was no indication that the sales were not sales made by other property owners whose property was subject to condemnation; and in the instance of Goleman, the witness referred to "the Delchamps Tract at the corner" which, according to the map introduced in evidence, was just down the street from appellees' tract and was subject to condemnation.

■ There probably were some remarks of the trial court that were objectionable, but since no objection was made or exception reserved to any remark of the trial judge, there was nothing to review. Neumiller v. Jenkins, 270 Ala. 231, 117 So.2d 402; Morris v. Yancey, 267 Ala. 657, 104 So.2d 553.

Finally, appellant argues that "the Court erred in refusing to allow plaintiff's counsel to ask Harry P. Clark, witness for the defendants, on cross-examination if he was exclusively in the real estate business."

Clark was an expert witness called by defendants, who testified that he had been in the real estate business twenty-two years in the neighborhood of the property in question, had known the property for forty years, was engaged in buying and selling real estate and had bought and sold much real estate in the neighborhood.

■ The range of cross-examination rests largely in the discretion of the trial court and his ruling thereon will not be revised on appeal unless it is made clearly to appear that error intervened to prejudice the objecting party. Melco System v. Receivers of Trans-America Ins. Co., 268 Ala. 152, 105 So.2d 43; Blount County v. Campbell, 268 Ala. 548, 109 So.2d 678; Southern Electric Generating Co. v. Leibacher, 269 Ala. 9, 110 So.2d 308. We do not think there was an abuse of the judicial discretion in the instant case.

No reversible error having been argued, the judgment is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.

On Rehearing.

MERRILL, Justice.

Opinion extended and application for rehearing overruled.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.