178 So.2d 168

Everett F. RICE

v.

Joseph C. HILL et al.

I Div. 285.

Supreme Court of Alabama.

Sept. 2, 1965.

Wilters & Brantley, Bay Minette, for appellant.

C. Lenoir Thompson, Bay Minette, for appellees.

MERRILL, Justice.

This appeal is from a decree which permanently enjoined appellant' from interfering with the usage of a road which runs across appellant's property, and which ordered appellant to remove the obstructions he had placed in the road to render it impassable.

Appellees and respondent were adjoining landowners and appellees filed their bill of complaint seeking a permanent injunction against appellant to prohibit him, his servants or others from blocking or continuing to block the road in question which passed through appellant's land to that of appellees. The evidence showed that appellant had closed the road through his property and had also placed obstructions on it, rendering it impassable.

The trial court found that the road was a public road and granted the relief sought.

Appellant argues assignments of error 8 through 20 together. Assignment 8 reads: "The Court erred in examining Mrs. Dawson.", (a witness); and assignments 9 through 20 read the same except that in each instance a different witness is named.

The main question before the trial court was whether the road was a public road. The witnesses were asked about its use by the public. There was no objection to any of these questions asked by the trial court.

The trial judge has the right to propound such questions to witnesses as may be necessary to elicit certain facts, Lackey v. Lackey, 262 Ala. 45, 76 So.2d 761; and it not only is the court's prerogative to so act, but its duty, if the court deems it necessary to elicit proper evidence bearing on the issues. Luker v. State, 39 Ala.App. 548, 105 So.2d 834.

Here, the trial court did not abuse his discretion in asking the witnesses if the road was used by the public and no reversible error appears as a result of his questions.

Moreover, there was no objection to any of the questions although he asked them of thirteen different witnesses. Where no objection was made or exception taken to any remark or question by the trial judge, nothing is presented here for review. State v. Boyd, 271 Ala. 584, 126 So.2d 225; Neumiller v. Jenkins, 270 Ala. 231, 117 So.2d 402; Morris v. Yancey, 267 Ala. 657, 104 So.2d 553. These assignments of error are without merit.

Appellant argues assignments of error 1 through 6 together. They are not related and it appears that none is meritorious. We mention only number 2, which reads: "The Court erred in finding that there is a public road over the property of Everett F. Rice.", (appellant).

Whether the road was a public road was in conflict, but the weight of the evidence was in favor of the trial court's finding that it was a public road. When the evidence is heard orally by the trial court, that court's finding has the effect of a jury's verdict and will not be disturbed on appeal unless plainly erroneous or manifestly wrong. And this rule applies both in equity and in law. Lamar v. Lamar, 263 Ala. 391, 82 So.2d 558, and cases there cited. We are not convinced that the ruling of the trial court was wrong or unjust.

It is not necessary to show why the other five assignments of error are without merit because of the rule that where several unrelated assignments of error are argued together in brief, and one is without merit, the others will not be considered. Andrews v. May, 277 Ala. 248, 168 So.2d 619; 2A Ala.Dig., Appeal & Error, ⊃736.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.