231 So.2d 141

**TRUSTEE LIFE INSURANCE COMPANY**

v.

**William C. KIDD, Jr.**

**7 Div. I.**

Court of Civil Appeals of Alabama.

Jan. 20, 1970.

Dortch, Allen, Wright & Wright, Gadsden, for appellant.

Burns, Carr & Shumaker, Gadsden, for appellee.

BRADLEY, Judge.

The original complaint filed in this case by plaintiff sought $2,000.00 as being due on a policy of insurance issued by defendant. A demurrer to the original complaint was sustained and plaintiff then amended said complaint so that the demurrer filed thereto was overruled. Defendant then filed a plea in short by consent, and the cause came on for trial before the court and a jury.

All documentary evidence and oral testimony of both parties was reduced to a written stipulation and then read to the jury.

The trial judge presented the case to the jury and gave, at the request of the plaintiff, the general affirmative charge with hypothesis.

The jury then returned a verdict in favor of the plaintiff for the sum of $865.00, and the court entered judgment accordingly.

A motion for a new trial was made, but it was denied by the trial court.

An appeal was then perfected to the Court of Appeals of Alabama from whence it was transferred to this court, pursuant to authority provided in Act No. 987, Acts of Alabama 1969, p. ——.

The appellant filed seven assignments of error, but in essence, argued only two in his brief, and they related to the trial court's giving the general affirmative charge with hypothesis on behalf of plaintiff and refusing to give a similar charge on its behalf.

█ It is axiomatic that assignments of error not argued in brief are thereby waived. Neumiller v. Jenkins, 270 Ala. 231, 117 So.2d 402.

That leaves us with the question of whether or not the trial court acted properly in granting to appellee the general affirmative charge with hypothesis.

As stated above, all of the evidence in the case was reduced to writing and agreed to by both parties and presented to the jury in that posture. There were no disputed facts upon which the jury could exercise its discretion and resolve a dispute in favor of one or the other of the parties. The decision of the jury really boiled down to whether or not the appellee's child, at the time of its hospitalization and death, was a "dependent" within the provisions of the group health and accident insurance policy under which appellee was insured.

The undisputed facts showed that appellee was insured under a group insurance policy entered into between the appellant and appellee's employer, the City of Gadsden, Alabama, a municipal corporation, at the time his infant son was born on May 12, 1967, in the Holy Name of Jesus Hospital in Gadsden, Alabama, and where said infant remained until its death on July 15, 1967.

The undisputed facts also showed that the certificate of insurance held by the appellee and issued by the appellant pursuant to the group insurance policy heretofore mentioned, at the time of the life of the infant in question, provided, in pertinent part, as follows:

"9. The term 'dependent' means only an employee's spouse, or an employee's unmarried child (including a stepchild or legally adopted child), excluding in any case:

"(a) * * *

"(b) An employee's child, prior to the day on which the child attains fourteen days of age and on and after the day on which he attains nineteen years of age;

"(c) * * *"

It is also undisputed that the provisions of the group insurance policy pursuant to which the appellee was insured also contained the above provision in the exact language as that set out in the certificate of insurance issued to the appellee.

The group insurance policy also contained the following language, which was not contained in the insurance certificate issued to appellee:

"If a dependent of an employee is confined in a hospital on the date such employee would otherwise become insured for dependents insurance with respect to such dependent, the employee will not become insured with respect to such dependent until the day following the dependent's final discharge from the hospital."

The group insurance policy also contained provisions to the effect that the policy, the applications therefor by the policyholder and the individual employee constituted the entire contract, and specifically provided that the "certificate" issued to the employee was not to be a part of the contract of insurance. And, the certificate itself, which was issued to the employee,

also specifically provided that it summarized "some of the provisions of the Group Policy(ies)" which would be of interest to the employee and further provided that the certificate was not to be considered a waiver of the provisions of the group policy because they were controlling.

The "Insuring Provision" as set out in the certificate, authorized the payment of benefits to the insured employee "in accordance with and subject to the terms and conditions of the *policy*." (Emphasis added)

In the case of White v. Massachusetts Mutual Life Insurance Company, 275 Ala. 581, 157 So.2d 6, the Supreme Court had presented to it a factual situation as follows:

There was a group insurance policy issued to Jackson Hospital and Clinic of Montgomery, Alabama by Massachusetts Mutual Life Insurance Company, to cover its employees for loss of life. A Dr. John B. White, husband of petitioner, was an employee of the hospital on the effective date of the original policy. Dr. White became ill and entered Jackson Hospital as a patient on October 27, 1959, and remained under medical care there and in Atlanta until his death, never returning to his employment with the hospital as a physician. There was evidence in the case that the master policy was amended on December 19, 1959, to increase the benefits thereunder, but it provided that:

"* * * if an employee is not actively at work on the effective date of this amendment, the changes as herein provided shall not become effective as to such employee until the next following date on which he is actively at work on full time."

The certificate rider issued in connection with the amendment to the policy had the same provision as the policy amendment contained and provided that it was to be attached to the original certificate issued in connection with the original policy. The original policy had a provision therein that the insurance issued to the employees of Jackson Hospital was "subject to all the provisions of the group policy."

Based on this factual situation, the Supreme Court said:

"While a certificate issued by the insurer to the employer to be furnished to the employee as evidence of his insurance benefits is not to be ignored in construing the contract, the terms of the master policy are to govern unless the terms of the certificate contradict those of the master policy on a material point to such an extent as to silence the inquiry. Page v. Prudential Insurance Company of America, 231 Ala. 405, 165 So. 388.

"The present policy provides that the application of the employer, and the individual applications, if any, of the employees insured shall constitute the entire contract. The policy thus stipulates what instruments constitute the entire contract, and the certificate to be issued the employee is not an included instrument. Further, the certificate rider upon which the appellant relies provides that it is to be made a part of the certificate of group insurance issued under the policy. As aforestated, this original certificate specifies that it was subject to all of the provisions of the policy. The provisions of the policy are that Dr. White, if not actively at work on 19 December 1959 'should be eligible the next following date on which he is actively at work on full time.' This provision of the policy must be deemed to govern Dr. White's eligibility."

The court then held that Dr. White was not covered under the amendment to the original policy of insurance.

In the case at bar, the group insurance policy issued to the City of Gadsden not only set out the instruments that were to constitute the entire policy agreement, but specifically provided that the "certificate" to be issued to the employees of the policyholder was excluded as one of the instruments constituting the policy of insurance.

And, the certificate of insurance given the employee by the employer, City of Gadsden, provided that it "summarizes *some* of the provisions of the Group Policy." (Emphasis added)

In the instant case, not only was the certificate not included as a part of the contract of insurance, but by its very terms, was excluded.

The court in the cited case decided that the evidence fully confirmed that the employee doctor was not "actively at work" on the date of the amendment to the master policy as required by the provisions of said policy, and further decided, because of other provisions in the master policy, that the amendment could not become effective as to said employee until the day following the day on which he returned to work full time. The evidence in the cited case also adequately proved that the employer never returned to work full time prior to his death.

In the case at bar, it is undisputed that the appellee's child was born on May 12, 1967 and remained in the hospital until its death on July 15, 1967; and, as provided by the group insurance policy, "the employee will not become insured with respect to such dependent until the day following the dependent's final discharge from the hospital."

This court is of the opinion that there is no material conflict between the provisions of the group insurance policy issued to the policyholder, City of Gadsden, Alabama, and the group insurance certificate issued to its employee; the difference in the provisions in the two instruments is the result of an omission of one provision from the certificate that is contained in the group policy, and, as we have seen, it was intended that the group policy contain all of the agreements of the parties to the contract, and the certificate contained only *some* of the provisions from the group policy.

The undisputed evidence in this case is that the employee's infant child was never discharged from the hospital, and,

therefore, the father-employee was never insured under the provisions of the group policy for "dependent" coverage because the infant died before its "final discharge from the hospital."

It is, therefore, the conclusion of this court that the trial court erred in giving to the jury the general affirmative charge with hypothesis on behalf of the plaintiff-appellee. And, since the only issue before the trial court will be one of law, this case is reversed and remanded for further proceedings in accordance with this opinion.

Reversed and remanded.

WRIGHT, J., recuses himself.