297 So.2d 368

**The STATE of Alabama**

**v.**

**V. G. JOHNSTON et al.**

**SC 629.**

Supreme Court of Alabama.

July 11, 1974.

McCorquodale & McCorquodale, Jackson, for appellant.

Edward P. Turner, Jr., Chatom, for appellees.

BLOODWORTH, Justice.

After a judgment and jury verdict for the landowners fixing their damages at $17,500 for the condemnation of their 7.24 acre tract for highway purposes, the State of Alabama has appealed.

The sole assignment of error argued is that the trial judge erred in overruling the State's objection to the introduction into evidence of a deed by the landowners to show the size of a lot, recently sold, such sale having been offered as a "comparable sale." There being no error in such ruling, we affirm.

The context in which the objection arose is as follows. J. P. McKee, was being examined by the landowners, viz.:

[Direct]

\*   \*   \*   \*   \*   \*

"Q   . . . Do you know of any comparable sales of residential property to Mr. Johnston's prior to January of 1973?

A   Yes, sir.

Q   Do the sales that you know about and the prices that have been paid, are they in line with your testimony of the market value of Mr. Johnston's property?

MR. McCORQUODALE: I object to whether they were in line. Be specific as to whether they were or not.

A   I know of one lot across the road from Mr. Johnston.

Q   Which would that be?

A The one Mr. Jones bought and paid twenty-five hundred dollars for. That is a residence lot.

Q Was that around the first of the year?

A I think it was within the last six or eight months.

Q Do you know what the approximate size of that lot?

A I understand it's between a half an acre and an acre. I'm·not sure."

\* \* \* \* \* \*

[Cross-examination]

"Q Now, Mr. McKee, you said that you understood that Bobby Jones paid twenty-five hundred dollars for the lot over there across the street.

A That's my understanding, sir.

Q And I believe your testimony is that it could have been as large as an acre, you're not sure?

A I understand, I believe that they said a hundred and fifty foot, but I don't know how deep it is.

Q But you didn't know what size lot you were talking about?

A I understand it is a hundred and fifty foot frontage, but I don't know how deep it is.

Q It could have been as large as one acre, is that what you're saying?

A According to this it says it contains 0.5 acres.

Q But you don't know for sure?

A All I know is what is on this deed here, and I have been told what I have already quoted."

\* \* \* \* \* \*

[Re-direct]

"Q Let me ask you one other question, Mr. McKee. The lot you were talk-ing about that Bobby Jones bought?

A Yes, sir.

Q Did he buy that property from Floride McIntosh?

A. Yes, sir.

MR. TURNER: We would like to offer in evidence as Defendants' Exhibit 4 certified copy of a deed from Floride McIntosh to Bobby Jones dated February 19, 1973, recorded in Deed Book 179, page 414.

MR. McCORQUODALE: We object because they haven't shown anything about the land and haven't shown it to be a comparable sale, and don't know anything about the circumstances at the time of the sale. We object to the introduction of the deed.

JUDGE LINDSEY: Are you offering it in connection with Mr. McKee's testimony?

MR. TURNER: I'm offering it in connection with Mr. McKee's testimony to show that there is only 105 feet frontage and only a half an acre involved.

JUDGE LINDSEY: You're offering it in connection with what he has already testified to?

MR. TURNER: Mr. McCorquodale questioned him did he know how much frontage and what size the lot was and *I'm offering the deed only for the purpose of showing the size of the lot.*

JUDGE LINDSEY: If you want to show you are offering it in connection with Mr. McKee's testimony in regard to the Jones, is that the name?

MR. TURNER: Bobby Jones lot.

JUDGE LINDSEY: Overrule the objection." [Our emphasis.]

The State's objection was threefold:— "They haven't shown anything about the

land"; —"haven't shown it to be a comparable sale";—"don't know anything about the circumstances at the time of sale."

We have long followed the rule that in making specific objections, all other grounds are impliedly waived. Trial, Ala. Dig., Vol. 18A, § 75.

Testimony relating to the Jones sale, the price paid therefor, its location across the road, that it was a "comparable sale," that it was a residence lot, when it was sold, and its approximate size, had been already admitted without objection. Thus, there is no merit in appellant's argument to the effect that no testimony was offered to show that the Jones "comparable sale" was of substantially the same kind and quality, in the same locality, a voluntary sale, and at a time not too remote, citing State v. Boyd, 271 Ala. 584, 126 So.2d 225 (1960). Whether the Jones lot was a voluntary sale may not have been directly shown, but no objection was made on such grounds at the time the evidence was offered.

The landowners' *sole limited purpose* in offering the deed in evidence on re-direct was to show the *size* of the lot to be one-half acre and its *frontage* to be 105 feet. This was clearly in rebuttal to cross-examination by the State which tended to show that Mr. McKee did not know the *depth or exact size* of the lot except as he stated "what is on the deed here."

"It is well established in this state that a party cannot justly complain of evidence offered in rebuttal of evidence which he himself presented." Sims v. Callahan, 269 Ala. 216, 112 So.2d 776 (1959).

Let the judgment of the trial court stand affirmed.

Affirmed.

HEFLIN, C. J., and COLEMAN, McCALL and JONES, JJ., concur.

